IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-725C
(Judge Sweeney)

| | |
|---|---|
| BRISTOL BAY AREA HEALTH CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

PLAINTIFF BRISTOL BAY AREA HEALTH CORPORATION'S MOTION REQUESTING ORDER TO REQUIRE THE GOVERNMENT TO COMPLY WITH COURT RULES AND TO PROVIDE THE ADMINISTRATIVE RECORD

Bristol Bay Area Health Corporation ("Bristol Bay") hereby requests this Court to order defendant The United States to file (1) a "Motion for Leave to File an Amended Pleading" and/or an Errata Sheet, and (2) the Administrative Record in accordance with RCFC 52.1.

On Wednesday, February 6, 2008, the undersigned Of Counsel, by telephone, advised the Government's Attorney of Record of Bristol Bay's concerns as stated above. By voice message of the same day, Of Counsel for Bristol Bay confirmed that Bristol Bay would file a motion bringing its concerns to the attention of this Court at close-of-business Friday unless otherwise contacted by the Government. In light of the briefing schedule on the Government-filed motion to dismiss, Bristol Bay believes it is important to raise the foregoing issues expeditiously.

In support of this Motion, Bristol Bay submits the following:

On October 12, 2007, Bristol Bay filed a complaint under the Contract Disputes Act to enforce the terms of contracts between Bristol Bay and the Indian Health Service, an agency within the United States Department of Health and Human Services (the "Government"). The answer to the complaint was due on December 13, 2008 (Docket # 1); however, on December 10, 2007, the Government requested an extension of time to January 25, 2008 within which to file a response. Bristol Bay did not oppose that motion for extension of time.

According to the Court's Electronic Case Filing System (ECF) Docket Report and the electronic notices sent to the Parties, the Government filed a motion to dismiss the Complaint on January 26, 2008, at 0:00. The ECF system, however, listed this motion as filed on the due date of January 25, 2008. The Government filed another Motion to Dismiss nine minutes later. The Clerk of Court found that both documents were deficient in meeting the Court's Rules and that the filings did not include exhibits as required. Accordingly, on January 28, 2008, this Court, sua sponte, issued an order striking Document 10 (the original Motion to Dismiss) and Document 11 (the corrected version). According to the Court's order, neither document contained a table of contents, or a table of authorities, as required by RCFC 5.3. Moreover, the "defendant should have filed a motion for leave to file its corrected motion with exhibits." The Government was ordered to refile its Motion to Dismiss with accompanying exhibits in conformity with Court Rules not later than January 30, 2008. Docket Entry # 12.[1]

The Government re-filed its motion to dismiss with exhibits on January 30, 2008. This filing was again found to be deficient due to the Government's failure to include an

---

[1] This order did not specifically require a "Motion for Leave to File" the corrected motion with exhibits, and the Docket reflects that no "Motion for Leave" was in fact filed.

index to the accompanying exhibits. The filing was struck and the Court, once again, ordered the Government to re-file its motion to dismiss with accompanying exhibits "in conformity with the Rules [of the Court] no later than Monday, February, 4, 2008." Docket Entry #14.

On February 1, 2008, the Government re-filed its motion to dismiss with exhibits. Bristol Bay has reviewed what it believes is the Government's actual and final "corrected" brief and has concluded that the current version of the brief has revisions and changes from the original brief filed on January 26, 2008 at 0:00, and that those revisions go beyond the corrections, as identified by the Clerk's office, necessary to bring the filing into conformance with the Court's rules.

The brief also refers to the agency's administrative record but no record has been filed with the Court separately or as part of the briefing. Nor has a record been provided to Bristol Bay. Instead, the Government has attached excerpts from the record as exhibits.

On the basis of this rather confused series of filings, the Plaintiff hereby moves this Court to issue an order requiring the Government to comply with Court Rules as follows:

1. <u>Motion for Leave to File an Amended Pleading</u>. Bristol Bay believes this is necessary and appropriate because the Court's Orders striking the Government's two filings on January 26, 2008, and its re-filing on January 31, 2008, directed the Government to take certain specified actions to bring its pleading into conformance with the Court's Rules. Upon examination, Bristol Bay has noted some serious issues regarding these filings.

First, when the Government filed its corrected brief on February 1, 2008, it filed, not a brief identical to that filed on January 26, 2008 (with the exception of the Court-ordered corrections, i.e., an index to the exhibits, table of contents and authorities), but rather a revised motion. Based on Bristol Bay's examination of the two documents, there were both

errata type corrections as well as some substantive changes made to the original. Bristol Bay assumes that the Government took the opportunity to edit its brief before it re-filed.

Bristol Bay does not believe the Government was entitled to treat these Orders as a de facto extension of time to make revisions to its motion to dismiss that were not necessary to comply with the Court's Orders. Bristol Bay is not requesting that the motion to dismiss, as filed on February 1, 2008, be stricken on these grounds; however, Bristol Bay believes that it and the Court are entitled to an explanation of what changes were made to the substance of the Government's brief after January 25, 2008, either through the filing of a "Motion for Leave to File an Amended Pleading" or an Errata Sheet.

Second, Bristol Bay believes that the original motion to dismiss was not timely filed. The Court of Federal Claims Rules governing electronic filing, Appendix E, Rules 15 and 16, require that a pleading filed electronically be filed *before* midnight on the due date. While the ECF system treated the Government's first filing as timely, the notations on the Court docket make it clear the filing was entered at 0:00 on January 26, not the 25th, thus suggesting that it may have been filed out of time. The Government failed to request permission of the Court to do so. Again, while Bristol Bay will not request that the motion be stricken or dismissed as being filed out of time, the Government should be required to conform with Court rules if it filed a late document.

In sum, given these still outstanding issues with the Government's most recent filing, and in fairness to the Plaintiff, Bristol Bay requests that this Court order the Government to file the appropriate motions to bring the pleadings into compliance with the rules.

2. <u>Filing of Administrative Record</u>. Pursuant to RCFC 52.1(a), "[i]n all cases in which action by, and a record of proceedings before, an agency is relevant to a decision, the

administrative record of such proceedings shall be certified by the agency …and filed with the court."

In the motion filed on February 1, 2008, the Government refers to an administrative record. See e.g., p. 9, n.7. The Government, however, did not provide to the Court the entire administrative record but rather excerpted portions of the record and created an exhibit. As another example, the Government says that, "there is no contract provision" that "requires the payment of the claim at issue." Motion to Dismiss at p. 16. The Government then quotes Bristol Bay's 1995 AFA. *Id.* at 16-17 and provides that document as a separate exhibit. The Government cites to ISDM 92-2, pp. 13-14, again taking it out of the record and provides it as a separate exhibit. *Id.* at 13-14. The Government cites to the "shortfall reports," pp. 17-18, but provides no documents.

Bristol Bay does not know why the Government chose not to file an administrative record, yet chooses instead to extract or cite to selected portions thereof. One logical reason would be to avoid a finding that its motion to dismiss is based in part on documents outside of the complaint. Whatever the reason, under RCFC 52.1 Bristol Bay, and this Court, are entitled to see the entire administrative record. This is especially true if the Government intends to cite to it or rely upon it. Indeed, Bristol Bay is placed at a significant disadvantage if it is not permitted to review the administrative record for accuracy and completeness, and to rely upon it, as necessary, to respond to the Government's motion, and/or file another appropriate motion on its own behalf.

Since this is a case under the Contract Disputes Act, 41 U.S.C. § 601 et. seq., where a record of decision should be available and is necessary to support the Government decision being challenged, that record should be filed with the Court. Bristol Bay hereby requests that

it be filed forthwith as part of this initial briefing so that the entire set of documents available to, and relied upon by, the Government in making the decisions which are at issue in this appeal, are before the Court for consideration. Moreover, fairness dictates that Bristol Bay be permitted an opportunity to review that record for accuracy and completeness, and, where appropriate, rely on that record in its response to the Government.

## CONCLUSION

For all these reasons, Bristol Bay moves this Court to direct the Government to file

(1) a Motion for Leave to File Amended Pleading and/or an Errata Sheet; and

(2) the administrative record in this appeal forthwith; and

(3) that Plaintiff Bristol Bay be granted a period of thirty days from the later of these two filings in which to submit its Response to the Government's motion to dismiss the complaint.

Respectfully submitted,

s/Geoffrey D. Strommer by s/Lisa F.Ryan
Attorney of Record

Stephen D. Osborne, Of Counsel
Hobbs, Straus, Dean & Walker, LLP
806 SW Broadway, Suite 900
Portland, OR 97205
503-242-1745 (Tel)
503-242-1072 (Fax)

s/Lisa F. Ryan,
Of Counsel
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, N.W., Suite 700
Washington, DC 20037
202-822-8282 (Tel)
202-296-8834 (Fax)

Attorneys for Bristol Bay Area Health Corp.

February 8, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 8th day of February, 2008, a copy of the foregoing "Plaintiff Bristol Bay Health Corporation's Motion Requesting Order to Require the Government to Comply With Court Rules and to Provide the Administrative Record" and proposed "Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lisa F. Ryan