**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BRISTOL BAY AREA HEALTH CORPORATION,** | ) | |
| **Plaintiff,** | ) | **No. 07-725C** |
| | ) | **(Judge Sweeney)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REQUESTING ORDER TO REQUIRE THE GOVERNMENT TO COMPLY WITH COURT RULES AND TO PROVIDE THE ADMINISTRATIVE RECORD**

Defendant United States, by and through undersigned counsel, hereby replies to and opposes plaintiff Bristol Bay Area Health Corporation's ("Bristol Bay" or "plaintiff") "Motion Requesting Order To Require The Government To Comply With Court Rules And To Provide The Administrative Record" ("plaintiff's motion to request"), as follows.

In its motion, Bristol Bay objects that the motion to dismiss which the United States filed with the Court on February 1, 2008 ("February 1 motion to dismiss") (Docket 15), differs from that which defendant originally filed on January 25, 2008 ("January 25 motion to dismiss") (Docket 10), in a manner that goes "beyond the corrections, as identified by the Clerk's office, necessary to bring the filing into conformance with the Court's rules." Pl. Mot. at 3.

Bristol Bay states that it is not requesting that the February 1 motion to dismiss "be stricken on these grounds," but requests instead that the Court order defendant to explain "what changes were made to the substance of the Government's brief after January 25, 2008, either through the filing of a 'Motion for Leave to File an Amended Pleading' or an Errata Sheet." Pl.

Mot. at 4.[1] Bristol Bay's request lacks merit.

First, defendant filed a dispositive motion not a "pleading." See generally Fisherman's Harvest, Inc. v. United States, 74 Fed. Cl. 681, 690 (2006) (Pursuant to RCFC 12(f), a motion is not a pleading, and therefore, it is not proper to make a motion to strike a motion) (citations omitted); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (same). In addition, Bristol Bay cites no authority for its request and fails to identify a specific Court Rule or order that defendant may have violated. While asserting that it is "entitled to an explanation" of the differences between the two filings, Bristol Bay fails to articulate a valid basis or purpose for its request, and plaintiff does not allege that it has been prejudiced. Pl. Mot. at 4.[2] Per its order of January 28, 2008, the Court struck the January 25 motion to dismiss. Thus, the January 25 motion to dismiss is simply not a relevant document before the Court, and Bristol Bay is not obligated to respond to it. Bristol Bay fails to explain, therefore, how the submission of an "Errata Sheet," which is typically used to correct an admitted filing, would be useful in correcting a document that has been stricken by the Court.

Moreover, Bristol Bay's argument that defendant did not actually file the January 25 motion in a timely manner addresses a moot point. Pl. Mot at 4. The February 1 motion to

---

[1] Defendant acknowledges that the motion it filed on January 25 is not identical to the one it filed on February 1, but defendant disputes that any differences are "substantive," as plaintiff alleges. Pl. Mot. at 4. In both filings, defendant moved to dismiss the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), and for failure to state a claim and res judicata, pursuant to RCFC 12(b)(6). The factual bases of our motion are identical in the two filings, as are our arguments. Furthermore, in making any minor changes in the February 1 motion to dismiss, defendant genuinely believed that it was acting within the strictures of the Court's Rules and docketing orders.

[2]I The Government can see no basis for plaintiff's request, other than, perhaps, a tactical one of consuming defendant's time and resources.

dismiss now before the Court was timely filed. Per its order of January 31, 2008, the Court ordered defendant to "refile its motion to dismiss with accompanying exhibits in conformity with the rules by 2/4/2008." Defendant complied with this order by timely filing its brief and appendix on February 1, 2008. The Court accepted this filing as a "[Corrected] Motion to Dismiss pursuant to 12(b)1," and ordered plaintiff to respond by March 3, 2008. Bristol Bay does not allege that the Court erred here. For the foregoing reasons, the Court should deny Bristol Bay's motion to request that the Court order defendant to file a motion for leave to file an amended pleading or errata sheet.

The Court also should deny Bristol Bay's request to order defendant to file an administrative record in accordance with RCFC 52.1. Defendant acknowledges that it made an inapt reference to the "administrative record" in a footnote in its motion to dismiss, and should not have used that term. See Pl. Mot. at 5 (citing p. 9, n.7 of the February 1 motion to dismiss).[3] Bristol Bay brought its lawsuit pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. Defendant moved to dismiss the complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and pursuant to 12(b)(6) for failure to state a claim and res judicata. To file a formal administrative record in conjunction with our dispositive motion would be inappropriate and procedurally incorrect. See International Management Services, Inc. v. United States, 80 Fed. Cl. 1, 2, n.2 (2008) ("Because a motion to dismiss merely tests the sufficiency of a complaint, it is unnecessary for the Court to cite the Administrative Record.") (citing Conley v. Gibson, 355 U.S.

---

[3] The footnote states in its entirety: "The entire set of agreements for FYs 1993-99 are included in the agency's Administrative Record. Defendant attaches hereto only the relevant title and signature pages of the ATHCs and AFAs for FYs 1997 and 1998, to indicate the dates the parties signed them." Def. Mot. to Dismiss at 9, n.7.

41, 45-46 (1957)); RCFC 52.1(b).

As for the excerpts from contract documents that defendant included as exhibits with its brief and which plaintiff refers to in its motion, see Pl. Mot. at 5, defendant believes they are appropriate for the Court's consideration for the reasons stated in our motion to dismiss. Accordingly, the Court should deny plaintiff's request that defendant be ordered to file an administrative record.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tel. (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendants

Of Counsel:

SCOTT S. DRIGGS
Assistant Regional Counsel
U.S. Department of Health and
Human Services
1961 Stout Street, Room 325
Denver, CO 80294

Tel: (303) 844-7808
fax: (303) 844-6665

February 25, 2007

**CERTIFICATE OF FILING**

I hereby certify that on the 25th day of February, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REQUESTING ORDER TO REQUIRE THE GOVERNMENT TO COMPLY WITH COURT RULES AND TO PROVIDE THE ADMINISTRATIVE RECORD " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley