IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-725C
(Judge Sweeney)

| | |
|---|---|
| BRISTOL BAY AREA HEALTH CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**PLAINTIFF BRISTOL BAY AREA HEALTH CORPORATION'S REPLY IN SUPPORT OF ITS MOTION REQUESTING AN ORDER REQUIRING THE UNITED STATES TO FILE THE ADMINISTRATIVE AS REQUIRED BY RCFC 52.1(a)**

On February 8, 2008, Plaintiff in this appeal, Bristol Bay Area Health Corporation ("Bristol Bay") filed a Motion with this Court requesting, among other things,[1] an Order requiring the United States to file the Administrative Record in this Appeal. On February 25, 2008, the United States filed its response in which it declined to file the Record and requested that the Court deny Bristol Bay's motion. Bristol Bay was given until March 10, 2008, in which to file a Reply.[2]

[1] Bristol Bay's February 8, 2008 motion also addressed what it believes are irregularities in the Government's filing of its motion to dismiss. While Bristol Bay still believes that the Government should have filed documentation addressing the discrepancies between what it originally attempted to file on January 25, 2008, and what was ultimately filed on February 1, 2008, as a practical matter this issue is moot, as Bristol Bay has already undertaken its own comparison of the two documents.

[2] Relevant to the timing of Bristol Bay's motion and this reply is the pendency of the Government's motion to dismiss which was filed in corrected form on February 1, 2008. Bristol Bay was originally given until March 3, 2008 to respond. In light of the instant dispute over whether the Government must file the record, Bristol Bay requested, and was granted, an enlargement of time in which to respond to the motion to dismiss. The current due date for that response is April 2, 2008.

Accordingly, Bristol Bay hereby renews its Motion requesting an Order that the United States be required to file the Record in this appeal. The arguments in support of this Motion and in opposition to the position of the United States on this issue are set forth below.

ARGUMENT

RCFC 52.1(a) states in pertinent part that "[i]n all cases in which actions by, and a record of proceedings before, an agency is relevant to a decision, the administrative record of such proceedings shall be certified by the agency or agencies and filed with the court." Emphasis added. Use of the word "shall" clearly, by any reasonable interpretation, imposes a mandatory duty on the part of the United States to file the record in this case. This is buttressed by the definition contained in Black's Law Dictionary which states that "shall" means "[h]as a duty to; more broadly, is required to….This is the mandatory sense that drafters typically intend and that courts typically uphold." Black's Law Dictionary (8th ed. 2004).

In its opposition to Bristol Bay's motion the United States does not address the mandatory language of the Rule at all. Rather, the Government takes the position that despite the clear and unambiguous language of the Rule, the United States is entitled to make its own determination as to whether and when it will file the record. This position raises questions as to what might be in the record, or perhaps absent from it, that the United States seeks to conceal while its motion to dismiss is being considered.

The United States' sole justification for its failure to file the record is that it would be "inappropriate and procedurally incorrect" to do so in light of the Government's motion to dismiss Bristol Bay's complaint. Government's Response at 3. The

Government cites to two cases in support, neither of which applies to or supports its argument. In International Management Services, Inc. v. United States, 80 Fed. Cl. 1,2 n.2 (2008), this Court did indeed state that "it is unnecessary for the Court to cite the Administrative Record " (emphasis added by Plaintiff) because a motion to dismiss merely tests the sufficiency of the complaint. As clearly indicated in the footnote cited by the United States, however, the administrative record, in fact, had been filed in the International Management Services case. Thus, the question addressed by the Court was not whether a record need be filed pursuant to the Court rule, but the relevance of the record that had already been filed to the motion to dismiss in that case.[3]

Likewise, the United States badly distorts the Court's reliance on the language of Conley v. Gibson, 355 U.S. 41, 44-45 (1957) in the International Management Services case. Conley was not a record review case at all. Rather, the Court cited to language in Conley only in support of the general principle that a "motion to dismiss merely tests the sufficiency of the complaint." See 80 Fed. Cl. 1,2, note 2. The United States transposed the Conley citation from its position in the International Management Services case, giving the incorrect and misleading impression that the Supreme Court case endorsed the Government's position that the record need not be filed while a motion to dismiss is pending, which is clearly incorrect.

As demonstrated above, the United States' position that it need not file the administrative record in this appeal, despite the mandatory language of Rule 52.1(a), is without support, and the Government has offered no other reason, compelling or otherwise, as to why the record need not be filed.

[3] Bristol Bay also notes that the Court only stated it was unnecessary to "cite" to the record, not that it was unnecessary to otherwise have the record available.

In further support of its position that this Court require the Government to file the record, Bristol Bay states as follows:

First, the record already exists. The Government refers to the administrative record in its "Motion to Dismiss" at p. 9, n.7. In fact, the United States' request for enlargement of time in which to respond to Bristol Bay's complaint was premised, in part, on the need of agency counsel to collect documents, presumably for compilation of the record.[4] Bristol Bay also rejects the contention of the United States that it should be allowed to submit only those record documents which the Government deems to be "relevant." Motion to Dismiss at 9, n.7.

Second, RCFC 52.1 (b) provides that "[t]he parties may move for partial or other judgment on the administrative record filed with the court." Until the Government files the administrative record in this case Bristol Bay is hampered in its ability to respond to the motion to dismiss and to present its case in chief to this Court, since it will not have full access to the documents relied upon by the Government in rejecting its contract claims.[5] The Government's apparent desire for tactical advantage as it pursues its motion to dismiss does not outweigh the mandatory nature of RCFC 52.1(a)'s requirement that the record be filed or the Plaintiff's right to avail itself of RCFC 52.1(b)'s option to file a dispositive motion of its own. Nor does the Government's interest in tactical advantage outweigh the interests of the Plaintiff and this Court in disposing of all the issues presented in this appeal as expeditiously as possible, and not

---

[4] Document 8 (filed December 10, 2007).

[5] As an illustrative example, the Civilian Board of Contract Appeals, which has concurrent jurisdiction over claims filed under the Contract Disputes Act, requires the filing of the "appeal file" within 30 days of receipt of the notice of appeal. The appeal file is to include, among other things, "[a]ny additional existing evidence or information necessary to determine the merits of the appeal , such as internal memoranda and notes to the file." CBCA Rule 4 (48 C.F.R § 6101.4 (a)(7)).

seriatim. Moreover, and as the note to Rule 52.1 makes clear, the record may provide a "factual and procedural predicate" for the Court's decision, in whole or in part, quite apart from whether summary judgment is the appropriate vehicle for resolution of the case.

For all these reasons, Bristol Bay respectfully moves this Court to direct the United States to file the administrative record as expeditiously as possible.

Respectfully submitted,

s/Geoffrey D. Strommer by s/Lisa F. Ryan
Geoffrey D. Strommer, Attorney of Record
Stephen D.Osborne, Of Counsel
Hobbs, Straus, Dean & Walker, LLP
806 SW Broadway, Suite 900
Portland, OR 97205
503-242-1745 (Tel)
503-242-1072 (Fax)

s/Lisa F. Ryan
Lisa F. Ryan, Of Counsel
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, N.W., Suite 700
Washington, DC 20037
202-822-8282 (Tel)
202-296-8834 (Fax)

Attorneys for Bristol Bay Area Health Corp.

March 5, 2008