# In the United States Court of Federal Claims

No. 07-725 C
(Filed: March 19, 2008)

| | |
|---|---|
| BRISTOL BAY AREA HEALTH CORPORATION, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

Before the court are plaintiff's "Motion Requesting Order to Require the Government to Comply with Court Rules and to Provide the Administrative Record" ("Pl.'s Mot." or "motion"), defendant's "Response to Plaintiff's Motion Requesting Order to Require the Government to Comply with Court Rules and to Provide the Administrative Record" ("Def.'s Resp. or "response"), and plaintiff's "Reply in Support of its Motion Requesting an Order Requiring the United States to File the Administrative [Record] as Required by RCFC 52.1(a)" ("Pl.'s Reply" or "reply"). In its motion, plaintiff requests that the court (1) order defendant to file a motion for leave to file an amended pleading "and/or an Errata Sheet," (2) order defendant to file the administrative record in accordance with Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC"), Pl.'s Mot. 1, and (3) grant plaintiff a thirty-day (30) enlargement of its deadline to submit a response to defendant's motion to dismiss, id. at 6. With respect to plaintiff's first request, plaintiff states that, although it "still believes that the Government should have filed documentation addressing the discrepancies between what it originally attempted to file on January 25, 2008, and what was ultimately filed on February 1, 2008," it ultimately concedes that, "as a practical matter[,] this issue is moot . . . ." Pl.'s Reply 1 n.1. Plaintiff's third request is also moot.[1] As such, the court addresses plaintiff's second request. For the reasons stated below, plaintiff's motion is denied.

---

[1] Plaintiff's response to defendant's motion to dismiss was originally due March 3, 2008. Given the pendency of the instant motion, plaintiff filed an unopposed motion for an enlargement of time within which to submit a response to defendant's motion to dismiss. The court granted plaintiff's motion on February 27, 2008. Plaintiff's response to defendant's motion to dismiss is currently due April 2, 2008.

## I. The Parties' Respective Arguments

On October 12, 2007, plaintiff filed a complaint under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613 (2000), seeking enforcement of the terms of a contract between it and the Indian Health Service. Defendant filed a corrected motion to dismiss on February 1, 2008.[2] In its motion to dismiss, defendant requests that the court dismiss plaintiff's complaint, pursuant to RCFC 12(b)(1) and RCFC 12(b)(6), "for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted," respectively. Def.'s Mot. Dismiss 1. In its argument seeking dismissal pursuant to RCFC 12(b)(1), defendant relies on four exhibits appended to its motion containing Annual Funding Agreements ("AFAs") and notes that the "entire set of agreements for [fiscal years] 1993-99 are included in the agency's Administrative Record. Defendant attaches hereto only the relevant title and signature pages . . . for 1997 and 1998, to indicate the dates the parties signed them." Id. at 9 n.7. Additionally, in its argument seeking dismissal pursuant to RCFC 12(b)(6), defendant refers the court to additional exhibits appended to its motion to dismiss, see id. at 13-14, with the caveat that, "[i]f the Court determines that it is inappropriate to review these materials without converting this motion into one for summary judgment, we respectfully request that the Court disregard this material for purposes of our motion pursuant to RCFC 12(b)(6)," id. at 14 n.8.

In its motion, plaintiff states that it does not know why defendant "chose not to file an administrative record, yet chooses instead to extract or cite to selected portions thereof." Pl.'s Mot. 5. It opines that defendant is attempting to avoid a finding that its motion to dismiss "is based in part on documents outside of the complaint," but argues that both it and the court "are entitled to see the entire administrative record." Id. Moreover, plaintiff maintains that it is "placed at a significant disadvantage if it is not permitted to review the administrative record for accuracy and completeness, and to rely upon it, as necessary, to respond to the Government's motion, and/or file another appropriate motion on its own behalf."[3] Id.; see also Pl.'s Reply 4

---

[2] Defendant filed three previous motions to dismiss in this action. The first and second, filed on January 25, 2008, and January 26, 2008, respectively, were stricken per the court's order dated January 28, 2008. In its order, the court indicated that neither filing contained the appropriate table of contents and table of authorities as required by RCFC 5.3. In addition to those deficiencies, the January 28, 2008 filing was also stricken by the court because defendant did not file a motion for leave to file a corrected motion with exhibits. Defendant refiled its motion to dismiss on January 30, 2008. The court again directed the Clerk of the Court to strike the January 30, 2008 filing because it did not contain an index to the accompanying exhibits as required by RCFC 5.3.

[3] Plaintiff notes that a previous request from defendant for an enlargement of time in which to respond to plaintiff's complaint "was premised, in part, on the need of agency counsel to collect documents, presumably for compilation of the record." Pl.'s Mot. 4. Indeed, defendant represented to the court that agency counsel required additional time to collect documents due, in part, "to the complexity of the issues involved in the case and the volume of material," Def.'s

(claiming that plaintiff "is hampered in its ability to respond to the motion to dismiss and to present its case in chief to this Court, since it will not have full access to the documents relied upon by the Government in rejecting its contract claims"). Defendant argues that filing the administrative record "in conjunction with our dispositive motion would be inappropriate and procedurally incorrect." Def.'s Resp. 3 (citing Int'l Mgmt. Servs., Inc. v. United States, 80 Fed. Cl. 1, 2 & n.2 (2008)).

## II. Standard of Review

Defendant raises both RCFC 12(b)(1) and RCFC (12)(b)(6) grounds in its motion to dismiss plaintiff's Complaint. Where a motion to dismiss "is based on more than one ground, the cases are legion stating that the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (3d ed. 2004). A motion for summary judgment "is not the proper procedural vehicle for contesting fundamental jurisdictional issues." Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 412 (1991). Therefore, it is error to convert an RCFC 12(b)(1) motion into an RCFC 56 or RCFC 52.1 motion "merely because the defendant has submitted evidence outside of the pleadings."[4] Id. at 412; see also Durable Metals Prods., Inc. v. United States, 27 Fed. Cl. 472, 475 (1993) ("RCFC 12(b) does not prescribe . . . summary judgment treatment for challenges under RCFC 12(b)(1) to subject matter jurisdiction where a factual record is developed . . . . The reason for treating a 12(b)(1) motion different than a [12(b)(6)] motion 'is rooted in the unique nature of the jurisdictional question.'" (quoting Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990))).

---

Unopposed Mot. Enlargement Time 1, Dec. 10, 2007, and the court granted defendant's motion accordingly.

[4] "[C]onversion of an RCFC 12(b) motion is proper only if a motion to dismiss for failure to state a claim, pursuant to RCFC 12(b)(6), has been filed and matters outside the pleadings have been presented to and accepted by the court." N. Hartland, L.L.C. v. United States, 78 Fed. Cl. 172, 178 (2007). Subsection (b) of the rule states that,

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by RCFC 56.

RCFC 12(b) (emphasis added).

The court's "general power to adjudicate in specific areas of substantive law . . . is properly raised by a Rule 12(b)(1) motion." Palmer v. United States, 168 F.3d 1310, 1313 (Fed. Cir. 1999). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it, McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936), and each element establishing jurisdiction "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation," Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Where one party contests subject matter jurisdiction, the non-movant "may not rest on mere allegations once the facts alleging jurisdiction are challenged." AG Route Seven P'ship v. United States, 57 Fed. Cl. 521, 527 (2003). Rather, the non-moving party "must present additional facts and/or other evidence outside of the pleadings to prove the court's subject matter jurisdiction by a preponderance of the evidence." Id. In deciding a motion to dismiss pursuant to RCFC 12(b)(1), the court may consider evidentiary matters outside the pleadings, Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); see also Schuerman v. United States, 30 Fed. Cl. 420, 425 (1994) ("For purposes of passing on a motion to dismiss pursuant to RCFC 12(b)(1), the court is not confined to an examination of the complaint."); Rohmann v. United States, 25 Cl. Ct. 274, 287 (1992) ("Courts are entitled to look beyond the pleadings when deciding a motion to dismiss pursuant to Rule 12(b)(1)."), and must provide the plaintiff with an opportunity to submit all available evidence supporting its jurisdictional allegations, Forest Glen Props., LLC v. United States, 79 Fed. Cl. 669, 677 (2007). The court may consider the administrative record when ruling upon an RCFC 12(b)(1) motion. See, e.g., Twisdale v. Snow, No. 2:04-CV-00986, 2005 WL 4600225, at *3 (relying upon documents from the administrative record in analyzing claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure) (S.D. W. Va. 2005); Tutein v. Daley, 43 F. Supp. 2d 113, 120 (D. Mass. 1999) (same).

The court notes that plaintiff brings its claims under the CDA. Compl. ¶ 1. However, in its motion, plaintiff claims entitlement to an administrative record by invoking RCFC 52.1. To the extent that plaintiff argues that this matter is a record review case, it is incorrect. The court rejects the notion that defendant is obligated to lodge the entire administrative record with the court.[5] Plaintiff is, however, entitled to submit all evidence supporting its jurisdictional

[5] The court finds that defendant's reliance upon International Management Services, Inc. for the proposition that filing the administrative record in this case would be "inappropriate and procedurally incorrect," Def.'s Resp. 3, is unavailing. The International Management Services, Inc. court addressed a postaward bid protest and provided a recitation of the factual history derived from the complaint for injunctive and declaratory relief. 80 Fed. Cl. at 2 n.2. It determined that citation to the administrative record, which had previously been filed in the case, was unnecessary because a motion to dismiss "merely tests the sufficiency of a complaint." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). As such, the court finds that International Management Services, Inc. is inapposite to the situation presented in the instant case. Nevertheless, the court agrees with defendant that the government is not obliged to file the administrative record.

allegations. Forest Glen Props., LLC, 79 Fed. Cl. at 677. If plaintiff determines that discovery is necessary to obtain documents to meet defendant's jurisdictional challenge, then it must serve the appropriate discovery requests. The court notes that, given the procedural posture of this matter, the scope of discovery available to plaintiff at the present time is very narrow and strictly limited to those materials that would support the jurisdictional basis of plaintiff's claims and aid in opposition to defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Thus, any discovery related solely to the merits would be disallowed at this stage in the proceedings because such discovery is unrelated to the narrow question of jurisdiction. Plaintiff may not, however, be precluded from obtaining materials that support its jurisdictional argument merely because those materials may also contain information relating to the merits.

## III. Conclusion

Plaintiff's motion requesting an order requiring defendant to provide the administrative record is **DENIED**. Because it appears that discovery may be necessary in this case, the court vacates the April 2, 2008 deadline for plaintiff to file its response to defendant's motion to dismiss.

By no later than **Friday, March 28, 2008**, plaintiff shall file a status report with the court advising whether it intends to seek discovery and, if so, proposing a discovery schedule. If defendant so chooses, it may file, by no later than **Friday, April 4, 2008**, a response to plaintiff's March 28, 2008 status report.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge