# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BRISTOL BAY AREA HEALTH CORPORATION** | ) | |
| PLAINTIFF, | ) | No. 07-725C |
| | ) | Hon. Margaret M. Sweeney |
| v. | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| DEFENDANT. | ) | |

## APPENDIX TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## INDEX TO EXHIBITS IN THE APPENDIX


A. Indian Health Service, Alaska Area Shortfall Reports, FY 1993-1999 ................A1

B. Indirect Cost Rate Agreements, FY 1993-1995 ....................................................A9

C. Affidavit of Robert J. Clark........................................................................A11

D. *Appeals of Seldovia Village Tribe*, IBCA 3862 & 3863/97 (Oct. 20, 2003) ......A13

E. *Menominee Indian Tribe of Wisconsin v. United States*, No. 1:07cv00812 (D.D.C.), Plaintiff's Motion for Partial Reconsideration (Mar. 24, 2008)..........A26

F. Excerpt from United States' Brief in *Tunica-Biloxi Tribe of Louisiana v. United States*, No. 1:02cv02413 (D.D.C.) (Dec. 21, 2006) ..........................................A70

G. IHS Brief in *Fort Mojave Indian Tribe v. Leavitt*, CBCA 547-ISDA (Civ. Bd. of Contract Appeals) (April 1, 2008)................................................................A72

# Exhibit A

# Indian Health Service,
# Alaska Area Shortfall Reports,
# FY 1993-1999

FY 93 Report

Area Office Annual Contract Report and Indirect cost Requirements Worksheet-FY 93

Area Summary FY 93: Alaska Area - Revised May 2, 1994 to include actual costs where available

| | 'Program $ 'Recurring | 'Program $ Non-recurring | 4th Quarter Estimate | Recurring DCSC | Non-Rec DCSC | TOTAL | Exclusions | 'Base | 'Rate | Rate Type | Base App/To | Indirect cost Funding requir | Available CSC $ | Shortfall/ Surplus |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| APIA | $1,124,165 | $99,692 | $57,860 | $106,954 | $0 | $1,388,671 | $155,026 | $1,233,645 | FY 93 Actual | | | $387,152 | $361,886 | ($25,266) |
| BBAHC | $12,338,910 | $634,968 | $297,744 | $850,574 | $0 | $14,122,196 | $680,872 | $13,441,324 | FY 93 Actual | | | $2,818,802 | $2,477,917 | ($340,885) |
| Chugach | $2,049,866 | $535,873 | $105,142 | $121,441 | $0 | $2,812,322 | $3,700 | $2,808,622 | 34.7% | PV | TDC-LE | $809,530 | $559,135 | ($250,395) |
| CITC | $154,671 | $35,750 | $30,939 | $0 | $0 | $221,360 | $0 | $221,360 | FY 93 Actual | | | $36,653 | $35,250 | ($1,403) |
| CRNA | $1,686,006 | $84,701 | $86,274 | $107,508 | $0 | $1,964,489 | $0 | $1,964,489 | 29.6% | PV | TDC-LE | $523,239 | $419,610 | ($103,629) |
| EAT | $646,045 | $134,426 | $29,974 | $0 | $165,338 | $975,783 | $0 | $975,783 | 0.0% | | | $209,127 | $203,922 | ($5,205) |
| Eklutna | $71,774 | $4,098 | $8,604 | $0 | $0 | $84,476 | $0 | $84,476 | 0.0% | | | $14,027 | $14,027 | $0 |
| FNA | $389,042 | $0 | $77,808 | $0 | $0 | $466,850 | $0 | $466,850 | 19.5% | FR | TDC-LE | $91,036 | $72,817 | ($18,219) |
| KANA | $3,493,619 | $67,028 | $178,882 | $181,972 | $0 | $3,921,501 | $78,126 | $3,843,375 | FY 93 Actual | | | $978,382 | $735,886 | ($242,496) |
| KIC | $101,410 | $73,112 | $11,605 | $5,700 | $0 | $191,827 | $0 | $191,827 | 79.4% | PV | TDC-LE | $152,311 | $86,397 | ($65,914) |
| Kenaitze | $652,481 | $144,241 | $69,213 | $19,453 | $0 | $885,388 | $214,000 | $671,388 | 26.1% | PV | TDC-L | $175,232 | $124,237 | ($50,995) |
| KNA | $9,543 | $2,900 | $133 | $845 | $0 | $13,421 | $0 | $13,421 | 30.5% | PV | TDC-LE | $4,093 | $2,969 | ($1,124) |
| Kwann | $167,765 | $3,570 | $3,688 | $0 | $0 | $175,023 | $0 | $175,023 | 0.0% | | | $90,404 | $31,021 | ($59,383) |
| Maniilaq | $8,672,891 | $323,275 | $210,244 | $691,560 | $0 | $9,897,970 | $57,300 | $9,840,670 | 22.5% | PV | TDC-LE | $1,657,405 | $1,697,724 | $40,319 |
| Metlakatla | $1,547,213 | $65,412 | $81,562 | $73,897 | $0 | $1,768,084 | $1,063,199 | $704,885 | 50.7% | FR | SW | $357,377 | $363,236 | $5,859 |
| Mt Sanford | $79,418 | $2,000 | $2,282 | $0 | $30,404 | $114,104 | $0 | $114,104 | 0.0% | | | $68,921 | $68,921 | $0 |
| Ninilchik | $262,174 | $29,032 | $15,237 | $19,583 | $4,154 | $330,180 | $3,715 | $326,465 | 79.5% | PV | TCC-L | $259,539 | $107,582 | ($151,957) |
| NSHC | $11,175,284 | $569,193 | $546,355 | $849,147 | $0 | $13,139,979 | $644,155 | $12,495,824 | 20.1% | PV | TDC-LE | $3,470,691 | $2,377,725 | ($1,092,966) |
| SCF | $1,980,161 | $329,024 | $208,122 | $101,971 | $0 | $2,619,278 | $0 | $2,619,278 | 0.0% | | | $333,866 | $333,866 | $0 |
| SEARHC | $20,466,322 | $1,099,100 | $823,830 | $1,326,360 | $0 | $23,715,612 | $196,000 | $23,519,612 | FY 93 Actual | | | $4,367,286 | $2,527,781 | ($1,839,505) |
| Seldovia | $290,615 | $7,059 | $19,471 | $0 | $0 | $317,145 | $14,000 | $303,145 | 0.0% | | | $80,902 | $73,974 | ($6,928) |
| SKIAP | $217,944 | $36,500 | $47,894 | $16,329 | $0 | $318,667 | $0 | $318,667 | 0.0% | | | $46,954 | $46,954 | $0 |
| St. George | $113,581 | $515 | $1,226 | $8,501 | $0 | $123,823 | $0 | $123,823 | 0.0% | | | $28,978 | $28,978 | $0 |
| Tanana | $646,942 | $19,285 | $11,860 | $34,478 | $0 | $712,565 | $0 | $712,565 | 20.6% | PV | TDC-LE | $146,788 | $100,386 | ($46,402) |
| TCC | $17,329,180 | $602,263 | $843,821 | $679,022 | $0 | $19,454,286 | $285,217 | $19,169,069 | FY 93 Actual | | | $2,130,303 | $2,054,511 | ($75,792) |
| Tyonek | $133,671 | $17,446 | $15,248 | $0 | $0 | $166,365 | $0 | $166,365 | 0.0% | | | $55,039 | $55,039 | $0 |
| UIC | $1,270,611 | $174,854 | $13,324 | $0 | $0 | $1,458,789 | $0 | $1,458,789 | 0.0% | | | $511,952 | $511,952 | $0 |
| Valdez | $116,666 | $12,000 | $8,448 | $0 | $32,063 | $169,177 | $0 | $169,177 | 0.0% | | | $43,189 | $43,189 | $0 |
| YKHC | $20,622,593 | $2,307,053 | $358,361 | $1,022,717 | $0 | $24,310,724 | $1,910,649 | $22,400,075 | FY 93 Actual | | | $8,136,156 | $7,569,295 | ($566,861) |
| Totals | $107,810,563 | $7,414,370 | $4,165,151 | $6,218,012 | $231,959 | $125,840,055 | $5,305,959 | $120,534,096 | | | | $27,985,334 | $23,086,187 | ($4,899,147) |
| | | | | | | | | | | | | | | ($4,920,059) |

A1

Revised 94 Shortfall Report

Area Office Annual Contract Report and Indirect cost Requirements Worksheet – FY 94
Area Summary FY 94: Alaska Area
ISD X Revisions – February 24, 1995

| | 'Program $ 'Recurring | 'Program $ Non-recurring | 'Recurring 'DCSC | Non-Rec DCSC | 'TOTAL | Exclusions | 'Base | 'Rate | Rate Type | Base App/To | Indirect cost Funding requi | Available ICSC & ISD | 'Shortfall/ ' Surplus |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| APIA** | $1,069,040 | $262,388 | $143,879 | $0 | $1,475,307 | $27,964 | $1,447,343 | 28.4% | PV | TDC-LE | $391,280 | $420,287 | $29,007 |
| BBAHC | $11,861,852 | $487,030 | $961,303 | $0 | $13,310,185 | $513,019 | $12,797,166 | 42.0% | PV | TDC-LE | $4,941,844 | $2,848,960 | ($2,092,884) |
| CATG | $191,475 | $3,600 | $0 | $130,210 | $325,285 | $0 | $325,285 | None | OR | | $114,084 | $114,084 | $0 |
| Chitina | $22,016 | $0 | $0 | $27,339 | $49,355 | $0 | $49,355 | None | OR | | $40,712 | $40,712 | $0 |
| Chugach | $2,048,052 | $212,917 | $137,250 | $0 | $2,398,219 | $100,000 | $2,298,219 | 48.0% | PV | TDC-LE | $901,320 | $807,233 | ($94,087) |
| CITC | $174,916 | $57,702 | $0 | $0 | $232,618 | $0 | $232,618 | 24.5% | PV | TDC-LE | $56,991 | $42,428 | ($14,563) |
| CRNA | $1,460,784 | $111,271 | $121,504 | $0 | $1,693,559 | $103,874 | $1,589,685 | 29.7% | PV | TDC-LE | $420,075 | $513,636 | $93,561 |
| EAT | $758,415 | $9,869 | $0 | $0 | $768,284 | $0 | $768,284 | 10.5% | PV*** | TDC-LE | $209,084 | $209,084 | $0 |
| Eklutna | $76,459 | $5,419 | $0 | $0 | $81,878 | $0 | $81,878 | None | OR | | $13,955 | $13,955 | $0 |
| FNA | $409,026 | $30,231 | $0 | $0 | $439,257 | $0 | $439,257 | 19.2% | FR | TDC-LE | $84,337 | $95,312 | $10,975 |
| KANA | $3,510,429 | $115,720 | $205,662 | $0 | $3,831,811 | $70,518 | $3,761,293 | 26.0% | PV | TDC-LE | $977,936 | $1,040,548 | $62,612 |
| KIC | $110,982 | $7,769 | $6,442 | $0 | $125,193 | $0 | $125,193 | 67.5% | PV | TDC-LE | $84,505 | $143,331 | $58,826 |
| Kenaitze | $865,106 | $13,745 | $21,985 | $0 | $900,836 | $124,163 | $776,673 | 24.5% | PV | TDC-L | $190,285 | $192,884 | $2,599 |
| KNA | $8,631 | $3,200 | $955 | $0 | $12,786 | $3,200 | $9,586 | 32.1% | FR | TDC-LE | $3,077 | $3,920 | $843 |
| Kwann | $173,802 | $1,494 | $0 | $0 | $175,296 | $0 | $175,296 | None | OR | | $90,404 | $89,887 | ($517) |
| Maniilaq | $8,244,276 | $296,604 | $781,589 | $0 | $9,322,469 | $35,602 | $9,286,867 | 29.0% | PV | TDC-LE | $2,046,263 | $1,693,441 | ($352,822) |
| Metlakatla | $1,572,602 | $91,969 | $83,517 | $0 | $1,748,088 | $445,330 | $1,302,758 | 25.9% | FR | TDC-LE | $337,414 | $363,283 | $25,869 |
| Mt Sanford | $240,631 | $1,000 | $0 | $0 | $241,631 | $0 | $241,631 | None | OR | | $116,914 | $116,914 | $0 |
| Ninilchik | $289,648 | $7,669 | $22,133 | $0 | $319,450 | $10,320 | $309,130 | 69.4% | PV | TDC-LE | $214,536 | $234,704 | $20,168 |
| NSHC | $10,928,517 | $405,752 | $959,690 | $0 | $12,293,959 | $39,120 | $12,254,839 | 27.8% | PV | TDC-LE | $3,215,374 | $3,373,996 | $158,622 |
| SCF | $2,401,679 | $1,179,808 | $115,246 | $0 | $3,696,733 | $0 | $3,696,733 | None | OR | | $439,487 | $439,487 | $0 |
| SEARHC | $22,353,116 | $1,458,835 | $1,638,000 | $26,357 | $25,476,308 | $520,684 | $24,955,624 | 21.1% | PV | TDC-LE | $4,882,359 | $5,466,800 | $584,441 |
| Seldovia | $321,716 | $1,782 | $0 | $0 | $323,498 | $0 | $323,498 | None | OR | | $80,902 | $80,793 | ($109) |
| SKIAP | $246,667 | $17,308 | $17,453 | $0 | $281,428 | $0 | $281,428 | None | OR | | $46,882 | $46,882 | $0 |
| St. George | $107,820 | $7,405 | $9,608 | $0 | $124,833 | $0 | $124,833 | None | OR | | $28,778 | $28,778 | $0 |
| Tanana | $639,856 | $25,319 | $38,966 | $0 | $704,141 | $20,600 | $683,541 | 22.3% | PV | TDC-LE | $152,430 | $142,569 | ($9,861) |
| TCC | $17,567,082 | $570,977 | $778,566 | $0 | $18,916,625 | $15,100 | $18,901,525 | 20.1% | PV | TDC-LE | $2,263,175 | $2,174,606 | ($88,569) |
| Tyonek | $154,923 | $8,669 | $0 | $0 | $163,592 | $0 | $163,592 | None | OR | | $54,737 | $54,737 | $0 |
| UIC | $1,312,145 | $139,143 | $0 | $0 | $1,451,288 | $0 | $1,451,288 | None | OR | | $509,331 | $509,331 | $0 |
| Valdez | $128,936 | $1,765 | $0 | $0 | $130,701 | $0 | $130,701 | 47.0% | PV | TDC-LE | $61,429 | $59,752 | ($1,677) |
| YKHC | $21,239,353 | $1,063,274 | $1,155,857 | $0 | $23,458,484 | $699,449 | $22,759,035 | 48.0% | PV | TDC-LE | $8,187,540 | $8,165,129 | ($22,411) |
| Totals | $110,489,952 | $6,599,634 | $7,199,605 #1 | $183,906 #2 | $124,473,097 | $2,728,943 | $121,744,154 | | | | $31,157,440 | $29,527,463 #3 | ($1,629,977) |

** $11,405 transferred from ICSC to DCSC
#1 includes $150,121 of ISD X for DCSC
#2 $27,339 for Chitina was for start-up – 1x cost
#3 includes $1,316,596 of ISD X $ – with $516,180 in ISD X to FY 95
***EAT has both an indirect rate and indirect like costs
CSC Reconcilliation = DCSC +$7,199,605 + DCSC N/R $183,906 + ICSC $29,527,463 +ISD to FY 95 $516,180 = $37,427,154

A2

4/24/96 FY 96 Report
FY 95 Base Data

CONTRACTOR SUMMARY FROM AREA FY95 CSC SHORTFALL REPORT

Alaska Area Report 4/24/96

| AREA | CONTRACTOR | DIRECT COST FUNDING: PROGRAM FUNDS Recurring | PROGRAM FUNDS Non-Recurring | TOTAL PROGRAM FUNDING | TOTAL DIRECT CSC Recurring DCSC | TOTAL DIRECT CSC Non-Recurring DCSC | Total | Exclusions/ Pass-Through | Direct Cost Base | INDIRECT COST RATE: Rate | Rate type | Base App/To | FUNDS FOR INDIRECT COST: Indirect Cost Funding Requirement | Total IDC Funding Available At The Area | Indirect Cost Shortfall/Surplus | Footnotes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALAS | Cncl Athabascan Trbl Gvrnmnts | 549,908 | 17,392 | 567,300 | 0 | 0 | 567,300 | 0 | 567,300 | 76.8 | PV | TDC-LE | 435,686 | 375,185 | (60,501) | 1 |
| ALAS | Chitina Village | 64,206 | 0 | 64,206 | 0 | 0 | 64,206 | 0 | 64,206 | NONE | OR | | 88,603 | 88,603 | 0 | 2 |
| ALAS | CITC | 178,503 | 0 | 178,503 | 0 | 0 | 178,503 | 0 | 178,503 | 25.5 | FR | TDC-LE | 45,518 | 48,822 | 3,304 | |
| ALAS | EAT | 771,782 | 16,350 | 788,132 | 0 | 0 | 788,132 | 0 | 788,132 | 10.5** | PV | TDC-LE | 211,168 | 209,084 | (2,084) | 3 |
| ALAS | FNA | 417,413 | 0 | 417,413 | 0 | 0 | 417,413 | 0 | 417,413 | 19.2 | FR | TDC-LE | 80,143 | 88,228 | 8,085 | |
| ALAS | Kenaitze | 895,244 | 8,863 | 904,107 | 21,985 | 0 | 926,092 | 124,163 | 801,929 | 24.5 | PV | TDC-LE | 196,473 | 190,285 | (6,188) | |
| ALAS | KIC | 112,996 | 0 | 112,996 | 6,515 | 0 | 119,511 | 0 | 119,511 | 58.5 | PV | TDC-LE | 69,914 | 84,505 | 14,591 | |
| ALAS | KNA | 8,773 | 0 | 8,773 | 966 | 0 | 9,739 | 0 | 9,739 | 32.1 | FR | TDC-LE | 3,126 | 3,920 | 794 | |
| ALAS | Kwann | 176,853 | 650 | 177,503 | 0 | 0 | 177,503 | 0 | 177,503 | NONE | OR | | 90,404 | 90,114 | (290) | |
| ALAS | Metlakatla | 1,612,679 | 57,235 | 1,669,914 | 84,458 | 0 | 1,754,372 | 0 | 1,754,372 | 26.9 | FR | TDC-LE | 471,926 | 357,735 | (114,191) | |
| ALAS | Mt Sanford | 443,682 | 2,092 | 445,774 | 0 | 105,732 | 551,506 | 0 | 551,506 | 42.3 | PV | TDC-LE | 233,287 | 182,306 | (50,981) | 4 |
| ALAS | Ninilchik | 295,172 | 1,731 | 296,903 | 22,382 | 0 | 319,285 | 0 | 319,285 | 70 | PV | TDC-LE | 223,500 | 234,704 | 11,204 | |
| ALAS | SCF DENA | 645,970 | 0 | 645,970 | 0 | 0 | 645,970 | 0 | 645,970 | NONE | OR | | 273,300 | 136,132 | (137,168) | 5 |
| ALAS | SEARHC AL | 700,000 | 0 | 700,000 | 48,644 | 0 | 748,644 | 0 | 748,644 | 21.1 | PV | TDC-LE | 157,964 | 139,358 | (18,606) | |
| ALAS | Seldovia Village | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | | | 0 | 0 | 0 | |
| ALAS | SKIAP | 251,726 | 0 | 251,726 | 17,650 | 0 | 269,376 | 0 | 269,376 | NONE | OR | | 46,882 | 46,882 | 0 | |
| ALAS | St George | 109,597 | 0 | 109,597 | 9,716 | 0 | 119,313 | 0 | 119,313 | NONE | OR | | 28,778 | 28,778 | 0 | |
| ALAS | TAN IRA | 662,522 | 8,769 | 671,291 | 39,405 | 0 | 710,696 | 20,600 | 690,096 | 22.3 | PV | TDC-LE | 153,891 | 146,898 | (6,993) | |
| ALAS | TCC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | | | 0 | 0 | 0 | |
| ALAS | TCC ALC | 700,000 | 0 | 700,000 | 11,148 | 0 | 711,148 | 0 | 711,148 | 13.9 | PV | TDC-LE | 98,850 | 46,951 | (51,899) | |
| ALAS | Tyonek | 158,260 | 1,188 | 159,448 | 0 | 0 | 159,448 | 0 | 159,448 | NONE | OR | | 54,737 | 54,737 | 0 | |
| ALAS | UIC | 1,333,769 | 4,754 | 1,338,523 | 0 | 0 | 1,338,523 | 0 | 1,338,523 | NONE | OR | | 509,331 | 509,331 | 0 | |
| ALAS | Valdez | 133,355 | 687 | 134,042 | 0 | 0 | 134,042 | 0 | 134,042 | 62 | PV | TDC-LE | 83,106 | 69,819 | (13,287) | |
| ALAS | Sub-Total Alaska | 10,222,410 | 119,711 | 10,342,121 | 262,869 | 105,732 | 10,710,722 | 144,763 | 10,565,959 | | | | 3,556,587 | 3,132,377 | (424,210) | |
| OTSG | Aleutian/Pribilof | 1,079,651 | 162,422 | 1,242,073 | 145,500 | 0 | 1,387,573 | 37,160 | 1,350,413 | 28.4 | PV | TDC-LE | 383,517 | 420,287 | 36,770 | |
| OTSG | Bristol Bay Area Hlth Corp | 11,722,707 | 993,854 | 12,716,561 | 972,136 | 0 | 13,688,697 | 119,118 | 13,569,579 | 41.4* | PV | TDC-LE | 5,033,675 | 3,150,771 | (1,882,904) | *Multi Rates |
| OTSG | Chugachmiut | 2,087,415 | 170,156 | 2,257,571 | 138,797 | 0 | 2,396,368 | 0 | 2,396,368 | 35.5* | PV | TDC-LE | 713,441 | 850,432 | 136,991 | *Multi Rates |
| OTSG | Copper River Native Assoc | 1,252,064 | 43,634 | 1,295,698 | 122,873 | 0 | 1,418,571 | 103,874 | 1,314,697 | 29.7* | PV | TDC-LE | 343,600 | 455,321 | 111,721 | *Multi Rates |
| OTSG | Eklutna Native Village | 78,320 | 0 | 78,320 | 0 | 0 | 78,320 | 0 | 78,320 | NONE | OR | | 13,955 | 13,955 | 0 | |
| OTSG | Kodiak Area Native Assoc | 3,624,065 | 24,336 | 3,648,401 | 207,960 | 0 | 3,856,361 | 70,518 | 3,785,863 | 26 | PV | TDC-LE | 984,324 | 1,040,548 | 56,224 | |
| OTSG | Maniilaq Assoc | 8,515,107 | 332,579 | 8,847,686 | 790,397 | 0 | 9,638,083 | 35,602 | 9,602,481 | 29* | PV | TDC-LE | 2,127,396 | 2,243,702 | 116,306 | 6 |
| OTSG | Norton Sound Hlth Corp | 11,308,506 | 311,685 | 11,620,191 | 970,505 | 0 | 12,590,696 | 39,120 | 12,551,576 | 31.1* | PV | TDC-LE | 3,597,356 | 3,383,803 | (213,553) | *Multi Rates |
| OTSG | SCF | 2,293,633 | 1,674,697 | 3,968,330 | 134,743 | 24,050 | 4,127,123 | 0 | 4,127,123 | NONE | OR | | 1,316,122 | 1,035,316 | (280,806) | 7 |
| OTSG | SEARHC | 23,067,843 | 978,154 | 24,045,997 | 2,054,874 | 0 | 26,100,871 | 166,839 | 25,934,032 | 21.1* | PV | TDC-LE | 4,890,025 | 5,183,418 | 293,393 | 8 |
| OTSG | Seldovia Village | 333,876 | 36,637 | 370,513 | 0 | 0 | 370,513 | 0 | 370,513 | NONE | OR | | 147,392 | 110,033 | (37,359) | |
| OTSG | TCC | 16,977,726 | 627594 | 17,605,320 | 776,066 | 0 | 18,381,386 | 15,100 | 18,366,286 | 20.1* | PV | TDC-LE | 2,153,763 | 2,080,318 | (73,445) | *Multi Rates |
| OTSG | Yukon-Kuskokwim Hlth Corp | 22,109,870 | 594,194 | 22,704,064 | 1,168,883 | | 23,872,947 | 699,449 | 23,173,498 | 50.5* | PV | TDC-LE | 8,386,449 | 8,346,820 | (39,629) | *Multi Rates |
| OTSG | Sub-Total OTSG | 104,450,783 | 5,949,942 | 110,400,725 | 7,482,754 | 24,050 | 117,907,529 | 1,286,780 | 116,620,749 | | | | 30,091,015 | 28,314,724 | (1,776,291) | |
| ALAS | Grand Total Alaska/OTSG | 114,673,193 | 6,069,653 | 120,742,846 | 7,745,623 | 129,782 | 128,618,251 | 1,431,543 | 127,186,708 | | | | 33,647,602 | 31,447,101 | (2,200,501) | |

Footnotes
1 CATG carried a balance of $152,815 in ISD funds into FY 95 for indirect type costs
'2 Chitina carried a balance of $36,205 in ISD carryover into FY 95 for indirect type costs
3 EAT has an indirect rate and indirect type costs negotiated with AANHS
4 MSTC received $105,000 in CSC for N/R DCSC in FY 95
5 Dena was adviced $273,300 in CSC but only actually received $136,132 – the balance of funds went to NSHC–$9,807 – YKHC $103,680 – & SEARHC $23,676 – NOTE this is a change from the CSC Data Report
6 Includes $404,000 from Congressional Appropriation (CSC on new hosp staffing) funds did not come through Area
7 Revised to take Dean A Coy $ out of the SCF calculation
8 SEARHC has multiple indirect rates – SEARHC carried $327,160 of ISD funding into FY 95
NOTE: this report records SCF Dena – TCC Alcohol & SEARHC Alcohol separately from the main organization and this is a change change from the CSC Data Report
NOTE: some compacts started 1/1/95 and the organization had a contract for the 1st qtr of FY 95 – in these cases the report combines the 1st qtr under the compact

A3

## ALASKA AREA NATIVE HEALTH SERVICE

### FY 97 Report to Congress on Contract Support Cost Shortfalls

| COLUMN | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|---|
| AWARDEES | FY 96 PROGRAM FUNDS RECURRING | FY 96 PROGRAM FUNDS NON-RECURRING | PROGRAM FUNDS USED FOR DIR. CSC | FY 96 DIRECT CSC RECURRING | FY 96 DIRECT CSC NON-RECUR | FY 96 INDIRECT CSC AWARDED | FY 97 INDIRECT CSC REQUIRED | NOTES |
| AKIACHAK | $0 | $0 | $0 | $0 | $0 | $0 | $60,141 | New in FY 97 |
| APIA | $1,328,855 | $382,564 | $0 | $145,500 | $0 | $420,287 | $483,234 | |
| ASNA | $1,197,125 | $1,238,789 | $0 | $0 | $0 | $504,255 | $1,395,881 | |
| BBAHC | $12,402,328 | $2,469,170 | $0 | $1,478,764 | $0 | $2,882,517 | $5,102,767 | |
| CATG | $602,671 | $31,064 | $0 | $0 | $0 | $308,253 | $771,644 | New programs in FY 97 |
| CHITINA | $102,636 | $356 | $0 | $7,253 | $0 | $80,289 | $80,289 | |
| CHUGACH | $2,268,294 | $677,344 | $0 | $138,797 | $0 | $866,565 | $860,018 | |
| CITC | $178,503 | $0 | $0 | $0 | $0 | $42,428 | $43,912 | |
| CRNA | $1,158,365 | $307,639 | $0 | $122,873 | $0 | $452,031 | $452,830 | |
| DIOMEDE | $0 | $0 | $0 | $0 | $0 | $0 | $62,780 | New in FY 97 |
| EAT | $790,089 | $14,942 | $0 | $0 | $0 | $209,084 | $297,861 | |
| EKLUTNA | $78,836 | $30,325 | $0 | $0 | $0 | $13,955 | $13,955 | |
| FNA | $417,413 | $0 | $0 | $0 | $0 | $88,228 | $69,708 | |
| HOONAH | $0 | $0 | $0 | $0 | $0 | $0 | $97,000 | New in FY 97 |
| KANA | $3,575,729 | $708,837 | $0 | $207,980 | $0 | $1,040,548 | $1,366,673 | |
| KARLUK | $70,883 | $234 | $0 | $5,771 | $34,160 | $51,450 | $68,600 | |
| KENAITIZE | $899,888 | $21,396 | $0 | $22,233 | $0 | $190,285 | $160,398 | |
| KIC | $114,939 | $0 | $0 | $6,515 | $0 | $84,505 | $104,208 | |
| KNA* | $8,080 | $0 | $0 | $966 | $0 | $3,920 | $0 | Contract closed in FY 97 |
| KWANN | $181,349 | $59,269 | $0 | $0 | $0 | $89,887 | $109,147 | |
| Kwinhagak | $170,622 | $987 | $0 | $7,078 | $26,776 | $114,026 | $114,026 | |
| MANIILAQ | $13,267,560 | $1,601,236 | $0 | $790,397 | $0 | $2,332,441 | $5,645,415 | FY 97 Rate increases |
| METLAKATLA | $1,642,037 | $67,020 | $0 | $84,458 | $0 | $357,735 | $513,367 | |
| MSTC | $491,812 | $3,602 | $0 | $0 | $0 | $163,543 | $208,036 | |
| NINILCHIK | $301,325 | $569 | $0 | $22,382 | $0 | $234,704 | $259,421 | |
| NSHC | $11,416,778 | $2,010,501 | $0 | $1,262,825 | $0 | $3,383,907 | $4,260,130 | |
| SCF | $4,709,224 | $2,031,397 | $0 | $134,743 | $0 | $918,771 | $2,402,423 | Includes Am Care Bldg. |
| SEARHC | $24,070,498 | $5,846,171 | $0 | $2,103,518 | $0 | $5,635,733 | $6,307,055 | |
| SELDOVIA | $524,625 | $84,641 | $0 | $0 | $0 | $158,432 | $288,183 | |
| ST GEORGE | $113,009 | $0 | $0 | $9,716 | $0 | $28,778 | $28,778 | |
| TAN IRA | $669,956 | $39,355 | $0 | $39,405 | $0 | $142,569 | $142,569 | Rate has lapsed |
| TCC | $17,715,232 | $3,072,388 | $0 | $787,214 | $0 | $2,170,393 | $4,140,798 | |
| TYONEK | $159,911 | $2,320 | $0 | $0 | $0 | $54,737 | $54,737 | |
| UIC | $1,375,290 | $160,253 | $0 | $0 | $0 | $509,331 | $509,331 | |
| VALDEZ | $133,946 | $5,410 | $0 | $0 | $0 | $59,752 | $86,401 | |
| YKHC | $22,158,363 | $6,252,288 | $0 | $1,295,413 | $0 | $8,104,638 | $11,958,506 | |
| TOTAL | $124,296,171 | $27,120,067 | $0 | $8,673,801 | $60,936 | $31,697,977 | $48,520,222 | |

*Program $ include W/H Amounts

A4

2

| 9<br>ISD @FY 97 | 10<br>CSC + ISD | 11<br>col 10 - col 7<br>Net CSC Short | |
|---|---|---|---|
| | $60,141 | $0 | AKIACHAK |
| $ 96,362 | $516,649 | $33,415 | APIA |
| | $504,255 | ($891,626) | ASNA |
| | $2,882,517 | ($2,220,250) | BBAHC |
| | $308,253 | ($463,391) | CATG |
| | $80,289 | $0 | CHITINA |
| $ 143,509 | $1,010,074 | $150,056 | CHUGACH |
| | $42,428 | ($1,484) | CITC |
| $ 74,574 | $526,605 | $73,775 | CRNA |
| | $0 | ($62,780) | DIOMEDE |
| | $209,084 | ($88,777) | EAT |
| $ 10,139 | $24,094 | $10,139 | EKLUTNA |
| | $88,228 | $18,520 | FNA |
| | $0 | ($97,000) | HOONAH |
| $ 209,381 | $1,249,929 | ($116,744) | KANA |
| | $51,450 | ($17,150) | KARLUK |
| | $190,285 | $29,887 | KENAITIZE |
| | $84,505 | ($19,703) | KIC |
| | $3,920 | $3,920 | KNA* |
| | $89,887 | ($19,260) | KWANN |
| | $114,026 | $0 | Kwinhagak |
| $ 1,305,021 | $3,637,462 | ($2,007,953) | MANIILAQ |
| | $357,735 | ($155,632) | METLAKATLA |
| | $163,543 | ($44,493) | MSTC |
| | $234,704 | ($24,717) | NINILCHIK |
| | $3,383,907 | ($876,223) | NSHC |
| $ 430,762 | $1,349,533 | ($1,052,890) | SCF |
| | $5,635,733 | ($671,322) | SEARHC |
| $ 41,278 | $199,710 | ($88,473) | SELDOVIA |
| | $28,778 | $0 | ST GEORGE |
| | $142,569 | $0 | TAN IRA |
| $ 780,925 | $2,951,318 | ($1,189,480) | TCC |
| | $54,737 | $0 | TYONEK |
| | $509,331 | $0 | UIC |
| | $59,752 | ($26,649) | VALDEZ |
| $ 2,325,751 | $10,430,389 | ($1,528,117) | YKHC |
| $5,417,702 | $37,175,820 | ($11,344,402) | |

A5

FY 1997

ALASKA AREA NATIVE HEALTH SERVICE

FY 98 Report to Congress on Contract Support Cost Shortfalls

| COLUMN #1 AWARDEES | 2 Title1 = T1 Title 3 = T3 @FY 98 | 3 FY 97 PROGRAM FUNDS RECURRING* | 4 FY 97 PROGRAM FUNDS NON-RECURRING* | 5 PROGRAM FUNDS USED FOR DIR. CSC | 6 FY 97 DIRECT CSC RECURRING | 7 FY 97 DIRECT CSC NON-RECUR | 8 FY 97 INDIRECT AWARDED** | 9 FY 98 INDIRECT CSC REQUIRED | 10 Amt in Col 9 on ISD Queue as of 9/17/97 | info only col 9 - col 8 Net CSC Short | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AKIACHAK | T1 | $220,307 | $7,112 | $0 | $0 | $0 | $60,141 | $62,085 | $ 60,141 | ($1,944) | AKIACHAK |
| APIA | T3 | $1,343,259 | $493,899 | $0 | $150,271 | $0 | $478,852 | $455,089 | | $23,763 | APIA |
| ASNA | T3 | $3,554,050 | $871,315 | $0 | $0 | $0 | $665,560 | $1,395,881 | $ 1,395,881 | ($730,321) | ASNA |
| BBAHC | T3 | $13,019,057 | $3,314,885 | $0 | $1,445,207 | $0 | $4,327,724 | $5,689,321 | | ($1,361,597) | BBAHC |
| CATG | T1 | $1,362,336 | $8,031 | $0 | $0 | $0 | $461,074 | $1,014,072 | $ 407,379 | ($552,998) | CATG |
| Chickaloon | T1 | $30,727 | $0 | $0 | $0 | $4,200 | $15,600 | $15,600 | | $0 | Chickaloon |
| CHITINA | T1 | $104,166 | $15,333 | $0 | $7,253 | $0 | $80,289 | $92,471 | | ($12,182) | CHITINA |
| CHUGACH | T3 | $2,259,069 | $525,249 | $0 | $184,782 | $0 | $964,089 | $831,348 | $ 1,890 | $132,741 | CHUGACH |
| CITC | T1 | $178,770 | $357 | $0 | $0 | $0 | $42,428 | $44,065 | | ($1,637) | CITC |
| CRNA | T3 | $1,170,448 | $333,857 | $0 | $151,614 | $0 | $497,864 | $418,271 | | $79,593 | CRNA |
| DIOMEDE | T1 | $90,248 | $2,924 | $0 | $0 | $0 | $19,443 | $62,780 | $ 43,337 | ($43,337) | DIOMEDE |
| EAT | T3 | $799,340 | $328,403 | $0 | $0 | $0 | $209,084 | $338,323 | $ 129,239 | ($129,239) | EAT |
| EKLUTNA | T3 | $79,292 | $54,874 | $0 | $4,203 | $0 | $19,891 | $55,348 | | ($35,457) | EKLUTNA |
| FNA | T1 | $416,037 | $836 | $0 | $0 | $0 | $88,228 | $78,748 | | $9,480 | FNA |
| HOONAH | T1 | $207,480 | $8,297 | $0 | $0 | $0 | $41,365 | $97,000 | $ 50,867 | ($55,635) | HOONAH |
| KANA | T3 | $3,614,157 | $952,299 | $0 | $292,311 | $0 | $1,160,526 | $1,271,731 | | ($111,205) | KANA |
| KARLUK | T1 | $71,770 | $0 | $0 | $7,695 | $0 | $68,600 | $68,600 | $ 68,600 | $0 | KARLUK |
| KENAITIZE | T1 | $929,636 | $20,978 | $0 | $22,233 | $0 | $190,285 | $194,569 | | ($4,284) | KENAITIZE |
| KIC | T3 | $116,008 | $341 | $0 | $6,515 | $60,000 | $84,505 | $156,897 | | ($72,392) | KIC |
| Knik | T1 | $31,007 | $0 | $0 | $0 | $16,060 | $16,957 | $16,957 | | $0 | Knik |
| Kwinhagak | T1 | $173,010 | $0 | $0 | $6,978 | $0 | $114,026 | $114,026 | $ 113,011 | $0 | Kwinhagak |
| MANIILAQ | T3 | $13,888,427 | $5,397,019 | $0 | $1,005,286 | $0 | $2,920,378 | $7,304,664 | $ 3,163,128 | ($4,384,286) | MANIILAQ |
| METLAKATLA | T3 | $1,661,468 | $319,742 | $0 | $84,458 | $0 | $357,735 | $588,715 | $ 126,968 | ($230,980) | METLAKATLA |
| MSTC | T1 | $499,961 | $4,474 | $0 | $0 | $0 | $182,306 | $206,818 | $ 24,512 | ($24,512) | MSTC |
| NINILCHIK | T1 | $304,870 | $3,150 | $0 | $22,382 | $0 | $234,704 | $264,322 | | ($29,618) | NINILCHIK |
| NSHC | T3 | $12,007,098 | $2,266,806 | $0 | $1,262,825 | $0 | $3,359,556 | $4,031,979 | | ($672,423) | NSHC |
| SCF | T3 | $5,177,624 | $6,606,983 | $0 | $333,820 | $0 | $1,170,330 | $3,475,952 | $ 2,305,622 | ($2,305,622) | SCF |
| SEARHC | T3 | $24,599,448 | $6,103,377 | $0 | $2,103,518 | $0 | $5,635,733 | $5,770,341 | $ 121,525 | ($134,608) | SEARHC |
| SELDOVIA | T3 | $527,886 | $134,447 | $0 | $15,646 | $0 | $185,598 | $313,904 | | ($128,306) | SELDOVIA |
| ST GEORGE | T1 | $114,694 | $296 | $0 | $9,716 | $0 | $28,778 | $28,778 | | $0 | ST GEORGE |
| TAN IRA | T1 | $679,648 | $27,396 | $0 | $39,405 | $0 | $142,569 | $186,612 | | ($44,043) | TAN IRA |
| TCC | T3 | $17,852,419 | $3,424,870 | $0 | $1,071,529 | $0 | $2,468,846 | $4,469,764 | | ($2,000,918) | TCC |
| TYONEK | T1 | $161,001 | $669 | $0 | $0 | $0 | $54,737 | $54,737 | | $0 | TYONEK |
| UIC | T1 | $1,395,801 | $3,601 | $0 | $0 | $0 | $509,331 | $509,331 | | $0 | UIC |
| VALDEZ | T1 | $135,002 | $312 | $0 | $0 | $0 | $59,752 | $70,363 | | ($10,611) | VALDEZ |
| YKHC | T3 | $25,093,823 | $8,051,486 | $0 | $1,932,219 | $0 | $9,870,225 | $12,156,852 | $ 825,093 | ($2,286,627) | YKHC |
| Yakutat Tlingit | T1 | $183,570 | $415 | $0 | $19,270 | $0 | $70,617 | $76,830 | | ($6,213) | Yakutat Tlingit* |
| TOTAL | | $134,054,914 | $39,282,013 | $0 | $10,179,136 | $80,260 | $38,857,726 | $51,983,144 | $ 8,897,193 | ($15,125,418) | |

*Program $ include W/H amounts - figures are from final Area advices

**Indirect awarded includes ISD $ from HQ (recevied in FY 97)

A6

FY 1998

Alaska Area
CSC SHORTFALL REPORT

| TITLE I Awardee | (A) TOTAL 98 Program Funding - Recur | (B) TOTAL 98 Program Funding - N/R | (C) LESS (-) Program amounts In the ISD Queue | (D) LESS (-) 98 Tribal Shares Duplicative of CSC | (E) 98 DCSC Recurring | (F) 98 DCSC Non-Recurring | (G) 98 Program Base (Ongoing awards only) | (H) LESS (-) Other Exclusions and Pass Through | (I) 98 Direct Cost Base | (J) IDC Rate | (K) Fiscal Year for IDC Rate | (L) Full IDC Need | (M) TOTAL CSC NEED | (N) 98 IDC Funding Paid | (O) TOTAL CSC Funding Available | (P) Total CSC Shortfall | (Q) % of CSC Need Funded | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Akiachak | $260,859 | $16,495 | $220,297 | $1,422 | $0 | $0 | $55,635 | $0 | $55,635 | 27.3% | CY 96 | $15,188 | $15,188 | $60,141 | $61,563 | ($46,375) | 405.33% | Area advanced ICSC |
| ANTHC | $2,346,151 | $6,003,089 | $8,349,240 | $0 | $0 | $37,894 | $37,894 | $0 | $37,894 | IDC Type | | $25,000 | $62,884 | $25,000 | $62,894 | $0 | 100.00% | Area advanced ICSC |
| CATG | $1,393,729 | $75,873 | $704,000 | $0 | $0 | $0 | $765,602 | $0 | $765,602 | 74.0% | 97 | $566,545 | $566,545 | $461,074 | $461,074 | $105,471 | 81.38% | |
| Chickaloon | $5,034 | $14,197 | $0 | $2,695 | $0 | $0 | $16,536 | $0 | $16,536 | IDC Type | | $15,600 | $15,600 | $15,600 | $18,295 | ($2,695) | 117.28% | |
| Chitina | $107,590 | $555 | $35,621 | $0 | $7,253 | $0 | $79,777 | $0 | $79,777 | IDC Type | | $92,471 | $99,724 | $80,289 | $87,542 | $12,182 | 87.78% | |
| CITC | $179,371 | $0 | $0 | $0 | $0 | $0 | $179,371 | $0 | $179,371 | 25.0% | 98 | $44,843 | $44,843 | $42,428 | $42,428 | $2,415 | 94.62% | |
| Diomede | $91,660 | $0 | $91,660 | $0 | $0 | $0 | $0 | $0 | $0 | IDC Type | | $62,780 | $62,780 | $19,443 | $19,443 | $43,337 | 30.97% | Area advanced ICSC |
| FNA | $420,330 | $0 | $0 | $0 | $0 | $0 | $420,330 | $0 | $420,330 | 19.4% | 98 | $81,544 | $81,544 | $88,228 | $88,228 | ($6,684) | 108.20% | ICSC reduced in '99 |
| Hoonah | $270,440 | $17,676 | $248,975 | $1,511 | $0 | $0 | $37,630 | $0 | $37,630 | IDC Type | | $97,000 | $97,000 | $47,803 | $49,314 | $47,686 | 50.84% | |
| Karluk | $92,681 | $0 | $88,750 | $0 | $7,695 | $0 | $11,626 | $0 | $11,626 | IDC Type | | $68,600 | $76,295 | $68,600 | $76,295 | $0 | 100.00% | Area advanced ICSC |
| Kenaitze | $940,583 | $100,942 | $0 | $0 | $22,233 | $0 | $1,063,758 | $4,869 | $1,058,889 | 20.0% | 99 | $211,778 | $234,011 | $190,285 | $212,518 | $21,493 | 90.82% | |
| Knik | $11,647 | $16,701 | $0 | $2,905 | $0 | $0 | $25,443 | $0 | $25,443 | IDC Type | | $16,957 | $16,957 | $16,957 | $19,862 | ($2,905) | 117.13% | |
| Kwinhagak | $212,004 | $0 | $166,053 | $0 | $8,978 | $0 | $52,929 | $0 | $52,929 | IDC Type | | $114,026 | $121,004 | $114,026 | $121,004 | $0 | 100.00% | Area advanced ICSC |
| MSTC | $509,513 | $125,693 | $0 | $0 | $0 | $105,732 | $740,938 | $0 | $740,938 | 41.0% | 98 | $303,785 | $408,517 | $288,080 | $393,812 | $15,705 | 96.17% | |
| Ninilchik | $315,834 | $11,537 | $0 | $0 | $22,382 | $0 | $349,753 | $0 | $349,753 | 80.0% | 97 | $279,802 | $302,184 | $234,704 | $257,086 | $45,098 | 85.08% | Rate has lapsed |
| St. George | $118,577 | $0 | $0 | $0 | $9,716 | $0 | $128,293 | $0 | $128,293 | IDC Type | | $28,778 | $38,494 | $28,778 | $38,494 | $0 | 100.00% | |
| Tan Ira | $694,588 | $49,157 | $0 | $0 | $39,405 | $0 | $783,148 | $46,883 | $738,265 | 25.0% | 98 | $184,066 | $223,471 | $142,569 | $181,974 | $41,497 | 81.43% | |
| Tyonek | $164,531 | $1,514 | $0 | $0 | $0 | $0 | $166,045 | $0 | $166,045 | IDC Type | | $54,737 | $54,737 | $54,737 | $54,737 | $0 | 100.00% | |
| UIC | $1,418,720 | $173,217 | $0 | $0 | $0 | $0 | $1,591,937 | $0 | $1,591,937 | IDC Type | | $509,331 | $509,331 | $509,331 | $509,331 | $0 | 100.00% | |
| Valdez | $135,340 | $3,023 | $0 | $0 | $0 | $0 | $138,363 | $0 | $138,363 | 52.0% | 98 | $71,949 | $71,949 | $59,752 | $59,752 | $12,197 | 83.05% | |
| Yakutat Tlingit | $186,051 | $13,110 | $0 | $1,094 | $10,000 | $0 | $208,067 | $0 | $208,067 | 37.8% | CY 97 | $78,649 | $88,649 | $79,887 | $90,981 | ($2,332) | 102.63% | 477 |
| Sub-Totals | $9,873,231 | $6,822,772 | $9,904,696 | $9,627 | $125,962 | $143,626 | $8,851,075 | $51,752 | $8,799,323 | | | $2,921,430 | $3,182,718 | $2,927,712 | $2,906,627 | $286,091 | 91.04% | |
| TITLE III | | | | | | | | | | | | | | | | | | |
| APIA | $1,391,209 | $549,497 | $0 | $54,535 | $183,297 | $0 | $2,069,468 | $82,000 | $1,987,468 | 26.5% | 99 | $526,679 | $709,976 | $478,852 | $716,684 | ($6,708) | 100.94% | ICSC reduced in '99 |
| ASNA | $3,658,770 | $804,562 | $2,117,105 | $138,895 | $297,059 | $437,511 | $2,941,902 | $0 | $2,541,902 | IDC Type | | $1,454,982 | $2,189,552 | $902,263 | $1,775,728 | $413,824 | 81.10% | |
| BBAHC | $13,782,099 | $3,905,502 | $810,960 | $423,946 | $1,478,764 | $0 | $18,131,459 | $1,482,140 | $16,649,319 | 32.0% | 98 | $5,327,782 | $6,806,546 | $2,848,960 | $4,751,670 | $2,054,876 | 69.81% | Composite Rate |
| Chugach | $2,313,631 | $440,968 | $0 | $66,981 | $186,872 | $0 | $2,874,290 | $10,508 | $2,863,782 | 28.0% | 98 | $801,859 | $988,531 | $964,089 | $1,217,742 | ($229,211) | 123.19% | ICSC reduced in '99 |
| CRNA | $1,196,943 | $270,750 | $0 | $38,694 | $151,514 | $0 | $1,580,613 | $2,636 | $1,577,977 | 27.6% | 98 | $435,522 | $587,136 | $497,864 | $688,172 | ($101,036) | 117.21% | ICSC reduced in '99 |
| EAT | $826,571 | $232,784 | $237,124 | $45,241 | $0 | $0 | $776,990 | $84,147 | $692,843 | 32.0% | 99 | $221,710 | $221,710 | $209,084 | $254,325 | ($32,615) | 114.71% | |
| Eklutna | $83,942 | $33,366 | $0 | $5,618 | $4,203 | $0 | $115,893 | $0 | $115,893 | IDC Type | | $25,509 | $29,712 | $19,891 | $29,712 | $0 | 100.00% | |
| Kana | $3,834,467 | $707,061 | $0 | $111,709 | $292,311 | $0 | $4,722,130 | $19,645 | $4,702,485 | 27.8% | 98 | $1,307,291 | $1,599,602 | $1,160,526 | $1,564,546 | $35,056 | 97.81% | Composite Rate |
| KIC * | $2,204,614 | $351,059 | $1,108,925 | $59,354 | $360,936 | $0 | $1,750,330 | $11,158 | $1,739,172 | 46.2% | 98 pend | $803,324 # | $1,164,260 | $444,589 | $864,879 | $299,381 | 74.29% | |
| Maniilaq | $17,603,811 | $2,104,238 | $6,893,000 | $277,280 | $1,005,286 | $0 | $13,543,055 | $1,136,052 | $12,407,003 | 36.0% | 99 | $4,466,521 | $5,471,807 | $2,920,378 | $4,202,944 | $1,268,863 | 76.81% | Composite Rate |
| Metlakatla | $1,692,022 | $284,157 | $161,530 | $42,891 | $84,456 | $0 | $1,856,216 | $0 | $1,856,216 | 28.5% | 98 | $529,022 | $613,480 | $357,735 | $485,084 | $128,396 | 79.07% | |
| NSHC | $12,250,020 | $2,093,561 | $990,396 | $309,326 | $1,262,825 | $0 | $14,305,684 | $170,304 | $14,135,380 | 31.3% | 99 | $4,424,374 | $5,687,199 | $3,359,556 | $4,931,707 | $755,492 | 86.72% | Composite Rate |
| SCF | $12,676,934 | $3,078,093 | $7,782,962 | $276,905 | $353,694 | $0 | $8,048,854 | $0 | $8,048,854 | IDC Type | | $1,427,361 | $1,781,055 | $1,150,458 | $1,781,055 | $0 | 100.00% | |
| SEARHC | $23,088,070 | $4,490,630 | $1,567,163 | $578,255 | $2,103,518 | $0 | $27,536,800 | $995,000 | $26,541,800 | 20.9% | 99 | $5,547,236 | $7,650,754 | $4,989,832 | $7,671,605 | ($20,851) | 100.27% | |
| Seldovia | $543,514 | $92,955 | $0 | $14,677 | $15,646 | $0 | $637,438 | $0 | $637,438 | 46.5% | 99 | $296,409 | $312,055 | $185,598 | $215,921 | $96,134 | 69.19% | |
| TCC | $18,312,399 | $2,920,776 | $0 | $437,380 | $1,071,529 | $0 | $21,867,324 | $134,200 | $21,733,124 | 20.0% | 99 | $4,346,625 | $5,418,154 | $2,458,846 | $3,977,755 | $1,440,399 | 73.42% | Composite Rate |
| YKHC | $25,416,153 | $5,430,395 | $2,196,579 | $818,842 | $1,932,219 | $0 | $29,763,346 | $233,041 | $29,530,305 | 41.0% | 99 | $12,107,425 | $14,039,644 | $9,870,225 | $12,621,288 | $1,418,358 | 89.90% | Composite Rate |
| Sub-Totals | $140,875,169 | $27,789,354 | $23,663,744 | $3,700,529 | $10,784,031 | $437,511 | $152,521,792 | $4,360,831 | $148,100,961 | | | $44,049,629 | $56,271,171 | $32,828,744 | $47,750,815 | $7,820,356 | 86.39% | |
| AREA TOTALS | $150,748,400 | $34,412,133 | $33,568,340 | $3,710,156 | $10,909,993 | $581,137 | $159,372,867 | $4,412,583 | $154,900,284 | | | $46,973,059 | $58,463,889 | $35,456,456 | $50,667,447 | $7,806,447 | 88.65% | |

FY '99

FY 1999

| No. | Title I or III | Awardee | Area | (A) Total FY '99 Program (Recurring) | (B) Total FY '99 Program (Non-recurring) | (C) LESS (-) Program amounts in the ISD Queue | (D) LESS (-) FY '99 Tribal Shares Duplicative of CSC | (E) FY '99 DCSC Funding (Non-Recurring) (Memorandum Only) | (F) FY '99 DCSC Negotiated Need | (G) FY '99 DCSC Funding (Recurring) | (H) FY '99 DCSC Shortfall (Memorandum Only) | (I) FY '99 Program Base (Ongoing Awards Only) | (J) LESS (-) Other Exclusions and Pass-thru | (K) 99 Direct Cost Base | (L) Most current approved IDC Rate | (M) Fiscal Year & Type of IDC Rate | (N) FY '99 IDC Need (Non-recurring) | (O) FY '99 IDC Funding Paid | (P) FY '99 IDC Shortfall (Memorandum Only) | (Q) TOTAL CSC Need | (R) TOTAL Funding Available for CSC | (S) Total CSC Shortfall | (T) % of Ongoing CSC Need Funded | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALASKA AREA | | | | | | | | | | | | | | | | | | | | | | | | |
| 1 | I | Akhiok | AK | 286,331 | 7,858 | 0 | 1,422 | 0 | 25,936 | 6,847 | 18,900 | 281,814 | 0 | 281,814 | 27.30% | CY 96-TDC-LE | 74,933 | 38,157 | 3,071 | 102,891 | 32,326 | 29,565 | 50.07% | Advice 4 |
| 2 | I | CATO | AK | 1,433,918 | 32,159 | 0 | 0 | 0 | 56,012 | 44,349 | 11,663 | 1,510,426 | 7,308 | 1,503,118 | 37.00% | FY 99-TDC-LE | 356,737 | 297,486 | 59,251 | 412,749 | 341,835 | 70,914 | 82.82% | Advice 6 - Multiple rates |
| 3 | I | Chickaloon | AK | 3,367 | 12,685 | 0 | 2,695 | 0 | 0 | 0 | 0 | 16,352 | 0 | 16,352 | IDC Type | | 18,295 | 15,600 | 2,695 | 18,295 | 18,295 | 0 | 100.00% | Advice 2 |
| 4 | I | Chitina | AK | 113,411 | 1,791 | 0 | 0 | 0 | 13,939 | 7,253 | 4,686 | 120,462 | 0 | 120,462 | IDC Type | | 80,289 | 20,289 | 0 | 93,228 | 27,542 | 4,686 | 94.99% | Advice 5 |
| 5 | I | CITC | AK | 185,034 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 185,034 | 0 | 185,034 | 24.50% | FY 99-FC | 63,837 | 42,428 | 21,409 | 63,837 | 42,428 | 21,409 | 66.46% | Advice 9 - Rate Increase |
| 6 | I | Diomede | AK | 94,648 | 3,324 | 0 | 585 | 0 | 10,903 | 10,903 | 0 | 108,082 | 0 | 108,082 | IDC Type | | 75,107 | 74,522 | 585 | 86,010 | 86,010 | 0 | 100.00% | Advice 4 |
| 7 | I | FNA | AK | 473,629 | 737 | 0 | 0 | 0 | 0 | 0 | 0 | 434,366 | 0 | 434,366 | 18.00% | FY 99-FC | 82,530 | 88,228 | (5,698) | 82,530 | 88,228 | (5,698) | 106.90% | Advice 3-Rate Decrease |
| 8 | I | Hoonah | AK | 260,069 | 21,836 | 0 | 1,511 | 0 | 31,500 | 25,999 | 3,501 | 318,393 | 0 | 318,393 | IDC Type | | 98,511 | 97,000 | 1,511 | 130,011 | 128,510 | 1,501 | 98.85% | Advice 2 |
| 9 | I | Kasaan | AK | 95,094 | 1,656 | 0 | 0 | 0 | 9,828 | 7,695 | 2,133 | 105,085 | 0 | 105,085 | IDC Type | | 68,608 | 68,608 | 0 | 78,436 | 76,303 | 2,133 | 97.28% | Advice 4 |
| 10 | I | Kenaitze | AK | 971,033 | 40,815 | 0 | 0 | 0 | 22,233 | 22,231 | 0 | 1,034,081 | 4,989 | 1,029,092 | 28.00% | FY 99-TDC-LE | 285,818 | 190,285 | 15,533 | 228,851 | 212,318 | 15,533 | 93.19% | Advice 7 |
| 11 | I | Kake | AK | 16,248 | 14,734 | 0 | 2,905 | 0 | 0 | 0 | 0 | 26,079 | 0 | 26,079 | IDC Type | | 19,362 | 16,957 | 2,905 | 19,362 | 19,362 | 0 | 100.00% | Advice 3 |
| 12 | I | Knik | AK | 218,901 | 2,033 | 0 | 0 | 0 | 24,652 | 6,978 | 17,434 | 227,911 | 0 | 227,911 | IDC Type | | 114,026 | 114,026 | 0 | 138,438 | 121,004 | 17,434 | 87.37% | Advice 4 |
| 13 | I | METC | AK | 515,348 | 5,399 | 0 | 0 | 0 | 0 | 0 | 0 | 530,747 | 1,204 | 529,543 | 37.88% | FY 98-TDC-LE | 200,167 | 241,668 | (41,501) | 200,167 | 241,668 | (41,501) | 120.73% | Advice 7 |
| 14 | I | Ninilchik | AK | 326,098 | 6,843 | 0 | 0 | 0 | 22,312 | 22,312 | 0 | 354,523 | 0 | 354,523 | IDC Type | | 138,153 | 138,153 | 0 | 160,935 | 160,935 | 0 | 100.00% | Advice 8 |
| 15 | I | St. George | AK | 128,376 | 10,137 | 0 | 0 | 0 | 9,716 | 9,716 | 0 | 140,229 | 0 | 140,229 | IDC Type | | 28,778 | 28,778 | 0 | 38,494 | 38,494 | 0 | 100.00% | Advice 4 |
| 16 | I | Tazlina | AK | 737,195 | 43,156 | 0 | 0 | 0 | 39,405 | 39,405 | 0 | 819,356 | 48,416 | 771,346 | 24.70% | FY 99-TDC-LE | 190,522 | 142,569 | 47,953 | 229,927 | 181,974 | 47,953 | 79.14% | Advice 5 |
| 17 | I | Tyonek | AK | 172,653 | 4,487 | 0 | 0 | 0 | 0 | 0 | 0 | 177,140 | 0 | 177,140 | IDC Type | | 54,737 | 54,737 | 0 | 54,737 | 54,737 | 0 | 100.00% | Advice 6 |
| 18 | I | UIC | AK | 1,464,948 | 179,891 | 0 | 0 | 0 | 0 | 0 | 0 | 1,644,839 | 0 | 1,644,839 | IDC Type | | 509,331 | 509,331 | 0 | 509,331 | 509,331 | 0 | 100.00% | Advice 1 |
| 19 | I | Valdez | AK | 136,950 | 2,895 | 0 | 0 | 0 | 0 | 0 | 0 | 141,845 | 495 | 141,350 | 33.70% | CY 99-TDC-LE | 75,905 | 59,752 | 16,153 | 75,905 | 59,752 | 16,153 | 78.72% | Advice 3 |
| 20 | I | Yakutat Tlingit | AK | 192,086 | 5,668 | 0 | 9 | 0 | 21,337 | 21,337 | 0 | 219,101 | 0 | 219,101 | 31.00% | CY 99 FC | 72,303 | 68,550 | 3,753 | 93,640 | 89,887 | 3,753 | 95.99% | Advice 3 |
| TITLE I | | Sub-Totals | | 2,758,939 | 418,153 | 0 | 9,118 | 0 | 285,673 | 228,297 | 57,376 | 3,388,310 | 62,446 | 3,325,864 | | | 3,038,883 | 2,904,216 | 128,667 | 3,316,556 | 3,141,631 | 174,925 | 94.73% | |
| 1 | III | ANTHC | AK | 60,405,842 | 31,094,993 | 0 | 0 | 2,568,430 | 1,725,273 | 1,073,691 | 351,582 | 92,934,486 | 0 | 92,934,486 | IDC Type | | 4,521,682 | 3,656,206 | 865,476 | 6,306,955 | 5,089,897 | 1,217,058 | 80.70% | Advice 15 + Advice 1 |
| 2 | III | APIA | AK | 1,461,982 | 358,684 | 0 | 54,285 | 0 | 183,297 | 183,297 | 0 | 1,949,678 | 56,020 | 1,893,658 | 26.50% | FY 99-TDC-LE | 501,819 | 478,152 | 22,947 | 685,116 | 716,434 | (31,318) | 104.57% | Advice 8 |
| 3 | III | ASNA | AK | 4,961,729 | 961,291 | 0 | 122,012 | 22,126 | 875,014 | 347,593 | 527,491 | 6,148,601 | 359,582 | 5,789,000 | 42.00% | FY 99-TDC-LE | 2,431,422 | 923,960 | 1,507,452 | 3,306,436 | 1,393,565 | 1,912,941 | 42.13% | New Rate - Advice 9 |
| 4 | III | BBAHC | AK | 14,094,336 | 2,545,793 | 0 | 323,234 | 0 | 1,507,144 | 1,507,144 | 0 | 17,823,934 | 2,812,381 | 14,944,677 | 38.50% | FY 99-TDC-LE | 5,454,107 | 3,563,538 | 1,892,569 | 6,961,951 | 5,302,914 | 1,569,035 | 77.40% | Multiple Rates - Advice 11 |
| 5 | III | Chugach | AK | 2,393,431 | 387,228 | 0 | 67,620 | 0 | 184,782 | 184,782 | 0 | 2,691,521 | 411,370 | 2,486,451 | 44.50% | FY 99-TDC-LE | 1,106,471 | 934,327 | 172,144 | 1,291,253 | 1,186,729 | 104,524 | 91.91% | Advice 8 |
| 6 | III | CRNA | AK | 1,243,878 | 207,332 | 0 | 38,448 | 0 | 151,614 | 151,614 | 0 | 1,364,374 | 13,500 | 1,322,876 | 34.70% | FY 99-TDC-LE | 538,897 | 497,864 | 61,031 | 710,309 | 687,926 | 23,383 | 96.83% | Advice 7 |
| 7 | III | EAI | AK | 872,242 | 295,846 | 0 | 43,290 | 0 | 18,711 | 0 | 18,711 | 1,122,798 | 136,266 | 986,532 | 33.74% | FY 99-TDC-LE | 332,156 | 209,064 | 123,372 | 343,567 | 254,374 | 89,193 | 74.04% | Advice 6 |
| 8 | III | Eklutna | AK | 86,365 | 29,818 | 0 | 5,642 | 0 | 4,293 | 4,293 | 0 | 114,136 | 0 | 114,136 | IDC Type | | 25,533 | 19,891 | 5,642 | 29,726 | 29,726 | 0 | 100.00% | Advice 5 |
| 9 | III | KANA | AK | 3,864,742 | 622,393 | 0 | 188,094 | 0 | 292,311 | 292,311 | 0 | 4,579,212 | 20,005 | 4,559,247 | 26.70% | FY 98 TDC-LE | 1,244,019 | 1,160,526 | 83,493 | 1,536,330 | 1,552,931 | (16,601) | 101.08% | Advice 7 |
| 10 | III | KIC | AK | 2,597,155 | 274,949 | 0 | 42,755 | 2,157 | 704,350 | 668,132 | 36,222 | 3,496,431 | 44,406 | 3,452,025 | 46.19% | FY 99-TDC-LE | 1,594,498 | 958,273 | 636,217 | 2,298,848 | 1,678,155 | 620,685 | 72.62% | IG Rate Pend-Advice 9 |
| 11 | III | Maniilaq | AK | 18,257,489 | 3,137,235 | 0 | 267,839 | 0 | 1,899,766 | 1,771,959 | 128,807 | 21,899,614 | 1,552,011 | 20,347,633 | 38.00% | FY 99-TDC-LE | 7,325,148 | 5,873,666 | 1,451,482 | 9,215,914 | 7,912,664 | 1,303,250 | 85.86% | Multiple Rates - Advice 12 |
| 12 | III | Metlakatla | AK | 1,780,531 | 281,526 | 0 | 36,325 | 0 | 104,572 | 95,807 | 8,765 | 2,064,539 | 25,301 | 2,058,238 | 29.50% | FY 99- FC | 607,180 | 384,290 | 221,890 | 711,752 | 480,097 | 231,330 | 70.31% | Advice 8-Rate increase |
| 13 | III | NSHC | AK | 12,785,418 | 1,924,316 | 0 | 279,230 | 0 | 1,289,986 | 1,257,825 | 27,341 | 15,695,743 | 200,000 | 15,495,743 | 28.10% | FY 95-TDC-LE | 4,354,204 | 3,369,467 | 984,837 | 5,644,290 | 4,911,528 | 732,762 | 87.02% | Multiple Rates - Advice 10 |
| 14 | III | SCF | AK | 29,961,869 | 4,295,596 | 0 | 262,369 | 897,335 | 1,645,752 | 1,135,736 | 509,996 | 35,230,532 | 0 | 35,230,532 | IDC Type | | 6,366,397 | 4,212,829 | 2,153,568 | 8,012,149 | 5,618,954 | 2,401,395 | 70.83% | Advice 14 |
| 15 | III | SEARHC | AK | 24,214,681 | 3,513,973 | 0 | 428,657 | 58,993 | 2,172,241 | 2,101,578 | 69,723 | 29,475,435 | 1,310,269 | 28,165,166 | 30.80% | FY 96-TDC-LE | 5,886,520 | 4,915,790 | 970,730 | 8,059,761 | 7,457,963 | 601,796 | 92.43% | Advice 15 |
| 16 | III | Seldovia | AK | 358,475 | 113,865 | 0 | 14,431 | 0 | 15,646 | 15,646 | 0 | 673,505 | 207 | 673,298 | 46.50% | FY 99-TDC-LE | 313,014 | 220,643 | 92,441 | 328,730 | 250,720 | 78,010 | 76.27% | Advice 8 |
| 17 | III | TCC | AK | 17,814,512 | 2,779,199 | 0 | 420,463 | 39,023 | 1,161,152 | 1,101,152 | 0 | 21,074,470 | 464,804 | 20,609,666 | 20.00% | FY 99-TDC-LE | 4,133,933 | 2,893,907 | 1,240,026 | 5,295,085 | 4,413,532 | 819,582 | 84.34% | Multiple Rates - Advice 14 + 8 |
| 18 | III | YKHC*** | AK | 25,726,351 | 4,802,236 | 0 | 774,570 | 0 | 2,039,376 | 1,932,219 | 107,157 | 31,716,277 | 1,179,170 | 30,537,107 | 41.00% | FY 00 TDC-LE | 12,528,414 | 10,029,901 | 2,498,513 | 14,567,790 | 12,161,649 | 2,381,141 | 83.89% | Multiple Rates - Advice 15 |
| TITLE III | | Sub-Totals | | 222,868,348 | 56,779,726 | 0 | 3,333,429 | 4,573,965 | 15,959,260 | 14,191,639 | 1,767,621 | 290,606,132 | 8,825,132 | 281,980,990 | | | 59,238,974 | 44,286,819 | 15,998,955 | 75,236,234 | 61,751,087 | 13,535,147 | 82.01% | |
| | | AREA TOTALS | | 230,619,187 | 57,197,876 | 0 | 3,342,547 | 4,573,965 | 16,244,933 | 14,419,936 | 1,824,997 | 298,994,452 | 8,887,578 | 290,306,854 | | | 61,317,857 | 47,190,235 | 15,127,822 | 78,552,790 | 64,862,718 | 13,519,072 | 82.55% | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SLIDE 1 — These columns contain information identifying the Area Office, the awardee, and allows for information to be subtotaled by Title I and Title III. | SLIDE 2 — These columns contain information relating to the total program funding provided to the awardee under either Title I or Title III awards. | SLIDE 3 — These columns contain amounts against which CSC will be provided under the ISD Fund or are tribal shares duplicative of CSC. | SLIDE 4 — These columns contain information related to DCSC provided in the prior fiscal year and any DCSC shortfall experienced by the awardee. | SLIDE 5 — These columns contain the calculation of the "direct cost base" against which the awardee's IDC rate is to be applied. A final identification of remaining pass-through items is included here. | SLIDE 6 — These columns contain information identifying the awardees' IDC Rates and the applicable fiscal year of that rate or IDC Type negotiation. | SLIDE 7 — These columns contain information relating to the awardee's indirect cost calculation, actual IDC funding provided, and any IDC shortfall experienced by the awardee. | SLIDE 8 — These columns contain summary information relating to the awardee's overall CSC need, funding, shortfall, and percentage of CSC need funded. |

***YKHC FY 2000 Negotiated DCSC Need =$2,875,816

Special Notes pertaining to the above report:

Columns highlighted in Yellow require data to be provided by the Area Offices

Columns highlighted in Pale Blue contain formulas and will automatically calculate themselves

| | |
|---|---|
| Total CSC Advised by HQE: | 66,184,136 |
| Total CSC Awarded by Area: | 66,184,136 |
| Difference ( Over ) or Under | 0 |

Alaska Area FY 99 Shortfall Report - 12/14/99

DHP

A8

# Exhibit B

## Indirect Cost Rate Agreements,
## FY 1993-1995

RATE AGREEMENT
NONPROFIT ORGANIZATIONS

RISTOL BAY AREA HEALTH CORPORATION
.O. BOX 130
ILLINGHAM, AK 99576

DATE: 09/03/93
FILING REF.: The preceding agreement was dated:
06/16/92 N42114.92

COPY

he rates approved in this agreement are for use on grants, contracts and ther agreements with the Federal Government, subject to the conditions ontained in Section II.

ECTION I : RATES

| ype | Effective Period From | To | Rate | Location | Applicable to |
|---|---|---|---|---|---|
| NDIRECT COST RATES* | | | | | |
| inal | 10/01/91 | 09/30/92 | 20.50% | ALL | ALL PROGRAMS |
| rov. | 10/01/92 | 09/30/93 | 20.50% | ALL | ALL PROGRAMS |
| rov. | 10/01/93 | 09/30/95 | 42.00% | ON-SITE | ALL PROGRAMS |
| rov. | 10/01/93 | 09/30/95 | 23.00% | OFF-SITE | ALL PROGRAMS |

BASE: Total direct costs excluding capital expenditures (buildings, ndividual items of equipment, and alterations and renovations) and ubawards.

REATMENT OF PAID ABSENCES
acation, holiday, sick leave pay and other paid absences are included in alaries and wages and are charged to Federal projects as part of the normal harge for salaries and wages. Separate charges for the cost of these absences re not made.

REATMENT OF OTHER FRINGE BENEFITS
his organization charges the actual cost of each fringe benefit direct to ederal projects. However, it uses a fringe benefit rate which is applied to alaries and wages in budgeting fringe benefit cost under project proposals. he following fringe benefits are treated as direct costs:
ICA, WORKER'S COMPENSATION, EMPLOYMENT SECURITY CONTRIBUTION, LIFE & HEALT NSURANCE, HOUSING SUBSIDY, ANNUAL LEAVE AND PENSION/RETIREMENT.

PECIAL REMARKS:
he direct cost base includes the salaries and wages of hospital employees aid by the Indian Health Service as detailed in the respective budgets.

RATE AGREEMENT
NONPROFIT ORGANIZATIONS

BRISTOL BAY AREA HEALTH CORPORATION
P.O. BOX 130
DILLINGHAM, AK 99576

COPY

DATE: 06/09/94
FILING REF.: The preceding agreement was dated:
09/03/93 N42114.93

The rates approved in this agreement are for use on grants, contracts and other agreements with the Federal Government, subject to the conditions contained in Section II.

SECTION I : RATES

| Type | Effective Period From | To | Rate | Location | Applicable to |
|---|---|---|---|---|---|
| INDIRECT COST RATES* | | | | | |
| Final | 10/01/92 | 09/30/93 | 22.20% | ALL | ALL PROGRAMS |
| Prov. | 10/01/93 | 09/30/95 | 42.00% | ON-SITE | ALL PROGRAMS |
| Prov. | 10/01/93 | 09/30/95 | 23.00% | OFF-SITE | ALL PROGRAMS |

*BASE: Total direct costs excluding capital expenditures (buildings, individual items of equipment, and alterations and renovations) and subawards.

TREATMENT OF PAID ABSENCES
Vacation, holiday, sick leave pay and other paid absences are included in salaries and wages and are charged to Federal projects as part of the normal charge for salaries and wages. Separate charges for the cost of these absences are not made.

TREATMENT OF OTHER FRINGE BENEFITS
This organization charges the actual cost of each fringe benefit direct to Federal projects. However, it uses a fringe benefit rate which is applied to salaries and wages in budgeting fringe benefit cost under project proposals. The following fringe benefits are treated as direct costs:
FICA, WORKER'S COMPENSATION, EMPLOYMENT SECURITY CONTRIBUTION, LIFE & HEALTH INSURANCE, HOUSING ~~SUBSIDY~~ allowance, ANNUAL LEAVE AND PENSION/RETIREMENT.

SPECIAL REMARKS:
The direct cost base includes the salaries and wages of hospital employees paid by the Indian Health Service as detailed in the respective budgets.

A10

# Exhibit C

# Affidavit of Robert J. Clark

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-725C
(Judge Sweeney)

BRISTOL BAY AREA HEALTH CORPORATION, )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES, )
)
Defendant. )

---

**AFFIDAVIT OF ROBERT J. CLARK**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. My name is Robert J. Clark, and I am the President and Chief Executive Officer of the Bristol Bay Area Health Corporation ("BBAHC"). I have been employed with BBAHC since 1974. For over 25 years one of my duties has been to participate annually on behalf of BBAHC in negotiations with the Indian Health Service ("IHS") over the terms of Contracts, Compacts and Annual Funding Agreements ("FAs") under the Indian Self-Determination and Education Assistance Act ("ISDEAA").

2. I have been asked to describe how funds are provided by IHS for contract support costs over the FA funding year. Specifically, I have been asked if BBAHC engages in separate negotiations with IHS to add contract support costs funds to the FA after the parties negotiate the initial amount that is identified in the FA.

3. Generally, when we sit down to negotiate with IHS, the IHS tells us that we can only identify in the FA an amount for contract support costs that is consistent with

what the IHS paid the previous year and that is consistent with the amount the IHS believes it will have available to pay. This amount is always less than the amount that is calculated by application of the indirect cost rate to the base, the methodology the IHS's policy uses to calculate the total amount of contract support costs that BBAHC is entitled to be paid under the ISDEAA in a given year and the method called for in the Alaska Tribal Health Compact and our FAs.

4. Each year it is understood by both parties that if more funds become available, IHS will pay those additional funds to BBAHC through the FA without the parties needing to negotiate an amendment that reflects the increased amount. The fact is that the IHS has never paid us the entire amount calculated by application of the indirect cost rate to the base because they have told us that they are chronically short of funds and that Congress has not appropriated sufficient funds for them to pay us with. So far as I am aware, BBAHC has never engaged in separate negotiations for additional contract support cost funds to be added to the FAs.

5. In every year from FY 1993 through FY 1999, I believe that BBAHC had in place indirect cost rate agreements with the Federal Government that were used to calculate and identify the full amount of contract support costs that BBAHC was entitled to be paid under the ISDEAA and our FAs with the IHS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of March, 2008.

By [signature]
Robert. J. Clark, President and CEO
Bristol Bay Area Health Corporation

Exhibit D

*Appeals of Seldovia Village Tribe*,
IBCA 3862 & 3863/97 (Oct. 20, 2003)

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Contract Appeals
801 N. Quincy St. Suite 300
Arlington, VA 22203

703 235 3813 703 235 1281 (fax)

## APPEALS OF SELDOVIA VILLAGE TRIBE

IBCA 3862 & 3863/97 : Decided: October 20, 2003

Compact No. 58G950029-01-2
FY 1996 and 1997 Funding Agreements
Indian Health Service, HHS

Appellant's Motion for Summary Judgment Granted; Government's Motions for Summary Judgment and to Dismiss Denied

APPEARANCE FOR APPELLANT:

Geoffrey D. Strommer, Esq.
Hobbs, Straus, Dean & Walker, LLP
Portland, Oregon 97204

Joseph H. Webster, Esq.
Hobbs, Straus, Dean & Walker, LLP
Washington, DC 20006

APPEARANCE FOR GOVERNMENT:

Duke McCloud, Esq.
Chief, IHS Branch, HHS
Rockville, Maryland 20857

## OPINION BY ADMINISTRATIVE JUDGE PARRETTE

Seldovia Village Tribe (Appellant or the Tribe) of Alaska has appealed two reductions in payments by the Indian Health Service (IHS) under the Tribe's FY 1996 and FY 1997 Annual Funding Agreements (AFA's) . Appellant alleges that IHS failed to pay the Tribe its full contract support costs (CSC's) of $126,439 in each of those years, amounts not in dispute. IHS contends that the CSC reductions were the result of inadequate appropriations by the Congress, and avers that the Tribe's CSC reductions were both proper and proportionately the same as those experienced by other CSC recipients.

The appeals were filed in June 1997 and assigned to Judge Cheryl Rome, who is no longer with the Board. They were deferred for Board consideration because the issue of the propriety of CSC reductions was already before the Board in similar case, Cherokee Nation, which was ultimately reviewed by Court of Appeals for the Federal

Circuit. See Appeals of Cherokee Nation of Oklahoma, IBCA 3877-79, 99-2 BCA 30,462; reconsideration granted at 01-1 BCA 31,158; decision unchanged at 01-1 BCA 31,349 (hereafter "Cherokee"). The Board's decision was affirmed in Thompson v. Cherokee Nation of Oklahoma, 334 F. 3d 1075, 2003 U.S. App., LEXIS 13483. Familiarity with Thompson is presumed for the purposes of this opinion.

Further information on IHS's Title III Self-Determination program can be found in Shoshone-Bannock Tribes v. HHS, 279 F. 3d 660 (9th Circuit 2002) and in Cherokee Nation v. Thompson, 311 F. 3d 1054 (10th Circuit 2002). Both Circuits have decided appeals similar to this one in favor of the Government rather than the appellant. This Board, however, agrees with the decision of the Federal Circuit in Thompson, which is binding for us in any event.

## Appeal Background

The present Appeals were filed pursuant to the Indian Self-Determination and Education Assistance Act (ISDA or the Act), which authorizes IHS to award to tribal organizations the same amounts that IHS would have spent in providing services to them, in order to enable the tribes to administer the programs themselves. Under Title III of the Act, the Secretary of HHS enters into Compacts with tribes to provide these funds, known as Secretarial funds, to enable them to provide health services to eligible Indians pursuant to Annual Funding Agreements. In addition, the tribes are entitled to funds to cover the administrative costs of the programs, called contract support costs, based on a rate arrived at through negotiation between the tribe and the cognizant Federal agency. The only limitation on the resulting CSC funding is that the funds must come out of, and may not exceed, available appropriations.

During the years in question, IHS experienced shortfalls in the amounts recommended by the Congressional Appropriations Committees for CSC use, even though total ISDA appropriations were increasing each year. These reductions were not incorporated into the legislation itself but were only Committee recommendations. Nevertheless, IHS treated them as mandatory directives and apportioned the funds as recommended, despite the fact that the entitlement to full CSC funds was arguably required under 25 U.S.C. sec. 450j-1(a) and that adequate funds for CSC purposes were available under the ISDA general appropriation.

Although the present Appeals predated Thompson and involve the same issues, IHS argues here that because the tribe's AFA's expressly provided that funding was to be in accordance with IHS's existing policy memorandum, which called for the allocation of funds only within the limits of the Appropriation Committee's recommendation, full CSC payments were not required. Thus, IHS believes that the facts in this case differ from those in Thompson, and that Thompson is inapplicable. Appellant challenges this view, and both parties have moved for summary judgment.

.

These issues have been briefed at great length. Despite the Government's extensive arguments to the contrary, we hold that these appeals are within the ambit of Thompson and grant summary judgment for the reasons set forth in that decision. However, because they involve issues of first impression with respect to the Alaska tribes, it may be useful to set forth the general background of the Appeals as provided by Appellant in its Summary Judgment Motion. We will then address IHS' contention that Seldovia legally contracted away its entitlement to full CSC payments when it signed its Annual Funding Agreements.

## Contract Background

### A. History of Title III Compacting

The Indian Self-Determination and Education Assistance Act (ISDA), Pub.L. 93-638, 88 Stat. 2206 (Jan. 4, 1975), 25 U.S.C. § 450 et seq., was enacted by Congress in 1975, and has since been amended on a number of occasions. The ISDA allows tribes or tribal organizations to enter into agreements with the IHS to administer programs, functions, services or activities (PFSAs) which the IHS has operated for Indian tribes and their members. As originally enacted, the only mechanism for tribes to assume such PFSAs was through Title I contracts, which limited the flexibility of tribes to administer programs to accommodate unique local circumstances.

Thus, in 1988 Congress enacted Public Law 100-472, which formally established the Tribal Self-Governance Demonstration Project (Title III), 25 U.S.C. § 450f note. Title III directed the Secretary of the Interior to initiate the Project as a five-year experiment involving up to 20 tribes. Under this Project, participating tribes were given the option of negotiating compacts and annual funding agreements (AFA's) with the Secretary of the Interior for the operation of DOI programs for

Indians. In accordance with such compacts, tribes are authorized to administer such PFSA's and receive funds from all levels of the agency to perform these responsibilities -- funds that the Secretary otherwise would have spent to perform the PFSAs. In addition to these "Secretarial funds," tribes are also entitled to CSC funds to cover the administrative costs of operating the programs.

The AFA, which is to be negotiated as part of a compact and re-negotiated each year, establishes the funding levels for operating the programs in the compact. With certain limitations, tribes are authorized to redesign and reallocate program funds on the basis of tribal priorities.

On December 4, 1991, President Bush signed the Tribal Self-Governance Demonstration Project Act, Public Law 102-184, into law. Among other things, this Act amended Public Law 100-472 to establish an Indian Health Service Self-Governance Demonstration Project and directed IHS to study the feasibility of expanding the Project to IHS programs and services. In 1992 Congress again amended Title III by enacting Section 314 of the Indian Health Amendments of 1992.[1] The 1992 amendments authorized the Secretary of the Department of Health and Human Services (HHS) to negotiate Self-Governance compacts and AFAs with tribes that had completed the required planning activities.

B. The Alaska Tribal Health Compact

In 1994, 13 tribes and tribal organizations in Alaska negotiated and signed the Alaska Tribal Health Compact (ATHC) and AFAs authorizing them to operate health care programs under Title III in fiscal year 1995. The ATHC was subsequently signed by the Director of IHS on behalf of the Secretary of HHS. The ATHC and AFAs went into effect on October 1, 1994, after having been filed with the Congress for review by the Senate Committee on Indian Affairs and the House Committee on Natural Resources, and other affected tribes, as required by law.

Since 1994, a number of other tribes and tribal organizations in Alaska have become co-signers of the ATHC and have negotiated AFAs thereunder, including the

---

[1] Public Law 102-573.

Appellant Seldovia Village Tribe. To date, 18 tribes and tribal organizations from throughout Alaska are signatories to the ATHC. As a result, the vast majority of the IHS programs in Alaska are currently operated under tribal administration in accordance with the provisions of Title III and the ATHC.

C. Calculation of Contract Support Costs

The Indian Self-Determination Act requires the Secretary to pay full contract support cost funding to a contracting or compacting tribe in addition to the Secretarial amount for direct program funding. 25 U.S.C. 450j-1(a)(2); CSC funds "cover the full administrative costs the Tribe will incur -- and which, absent the self-determination contract, the Federal government would incur -- in connection with the operation of [direct Indian] programs." Ramah Navajo School Board v. Babbitt, 87 F.3d 1338, 1341 (D.C. Cir. 1996); see also 25 U.S.C. 450b(f).

One aspect of CSC is "indirect costs." The ISDA defines these as "costs incurred for a common or joint purpose benefitting more than one contract objective, or which are not readily assignable to the contract objectives specifically benefitted without effort disproportionate to the results achieved;" 25 U.S.C. § 450b(f). The amount of indirect costs to which a tribal contractor is entitled is based upon a rate which is "arrived at through negotiation between an Indian tribe or tribal organization and the appropriate Federal agency." 25 U.S.C. § 450b(g). The ISDA provides that funds for all such CSC "shall be added" to the tribe's contract. 25 U.S.C. § 450j-1(a)(2)(emphasis added). The only limitation is that all funding is "subject to the availability of appropriations." 25 U.S.C. § 450j-1(b).[2]

[2] As noted by the court in Shoshone-Bannock Tribes v. Shalala, 988 F. Supp. 1306, 1329 (D. Or. 1997), "CSC are automatically awarded as a percentage of the tribe's Secretarial Amount, but funding is 'subject to the availability of appropriations' and the Secretary's need to serve non-contracting tribes."

D. Use of ISDM 92-2 to Distribute Contract Support Funds

IHS utilizes ISDM 92-2,[3] an unpromulgated, internal agency guideline, to determine and allocate "contract support funds for all Public Law (P.L.) 93-638 contracts." ISDM 92-2 at 2 (Appt. Exh. H). Through this mechanism, the IHS limits the availability of CSC funding for ongoing contracts and compacts to a predetermined amount based on the level of prior year CSC funding to each Area Office. In the case of ongoing contracts, ISDM 92-2 (pg. 7) provides:

> The amount of indirect contract support funds representing the previous year's base will be distributed to Areas "recurring"[[4]] to fund each Area's indirect cost need. Each contractors' need for indirect contract support shall be determined by calculating changes, if any, in indirect cost rates, bases, and pools. If funds **available** in the Area's indirect cost base are not adequate to meet total requirements, then the amount **available** shall be distributed according to each contractor's proportion of total need. These funds will be awarded to the contractor as non-recurring funds. (underline in original, bold added).

The term "available" is not defined by ISDM 92-2. However, historically IHS has only increased the funds "available" for CSC to the extent that such an increase is recommended in the Conference Committee Report that accompanies the IHS' annual appropriation. Thus, this limitation on the funds available for CSC is not based upon any statutory mandate, but is only based upon Committee recommendations.

E. Congressional Appropriations for the IHS

The Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) appropriated the following lump-sums for the Indian Health Service for FY 1996:

---

[3] In 1996, ISDM 92-2 was superseded by ISDM 96-04, which is consistent in relevant parts with its predecessor. However, for purposes of this appeal, ISDM 92-2 was the applicable guideline at the time that the Tribe entered into both its FY 1996 and FY 1997 AFAs.

[4] ISDM 96-04 (pg. 2) defines "recurring funds" as "Contract or compact funds that do not require rejustification each year to the Secretary. Annual increases are provided through congressional mandatory increases or other resource allocation methodologies applicable to the respective funding category of the award."

> For expenses necessary to carry out the Act of August 5, 1954 (68 Stat. 674), the Indian Self Determination Act, the Indian Health Care Improvement Act, and titles II and III of the Public Health Service Act with respect to the Indian Health Service, $1,747,842,000, together with payments received during the fiscal year pursuant to 42 U.S.C. 300aaa-2 for services furnished by the Indian Health Service." (emphasis added).

Of the IHS' lump-sum appropriation of $1,722,842,000 for FY 1996, non-earmarked funds totaled $1,364,937,000. Similarly, the FY 1997 Appropriations Act provided:

> For expenses necessary to carry out the Act of August 5, 1954 (68 Stat. 674), the Indian Self Determination Act, the Indian Health Care Improvement Act, and titles II and III of the Public Health Service Act with respect to the Indian Health Service, $1,806,269,000, together with payments received during the fiscal year pursuant to 42 U.S.C. 238(b) for services furnished by the Indian Health Service (emphasis added).

Omnibus Consolidated Appropriations Act for FY 1997, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Thus, the FY 1997 Act is nearly identical to the FY 1996 Act except that Congress increased the Indian Health Service's lump-sum appropriation by nearly 60 million dollars to $1,809,269,000. Of this total, non-earmarked funds totaled $1,408,736,000.

Nowhere is there any suggestion in the plain language of the FY 1996 and FY 1997 Appropriations Acts that Congress intended to impose a spending cap on CSC funds.[5] Only in the Committee reports is the issue of total funding for CSC addressed and there the Committee simply makes a recommendation. Neither the report nor the recommendation rises to a binding duty. The FY 1996 Report states:

> *Contract Support Costs*.--The Committee recommends $153,040,000 for contract support costs including decreases of

---

[5] The plain language of the Appropriation Acts must control. See Idaho First Nat'l Bank v. Commissioner of Internal Revenue, 997 F.2d 1285, 1289 (9th Cir. 1993) ("[I]f the [statutory] language ... is unambiguous, and its literal application does not conflict with the intentions of its drafters, the plain meaning should prevail."); Environmental Defense Fund v. Reilly, 909 F.2d 1497, 1502 (D.C. Cir. 1990) (the starting point of statutory construction is "the language of the statute itself and absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive").

> $11,864,000 for pay and fixed costs and $3,770,000 for support cost shortfalls." H. R. Rep. 104-173, at 97 (1995)(emphasis added); see also S. Rep. 104-125, at 94 (1995).

The FY 1997 Report states:

> *Contract support costs*.--The Committee recommends $160,660,000 for contract support. This amount includes increases over the fiscal year 1996 enacted level of $120,000 for the staffing of new facilities and $7,500,000 for the Indian self-determination fund." S. Rep. 104-319, at 90 (1996)(emphasis added); see also H. R. Rep. 104-625 (1996).

F. IHS Budget Requests for CSC

In both FY 1996 and FY 1997, the IHS failed to request adequate CSC to cover the existing shortfall. For FY 1996, the IHS requested $161,174,000, an increase of $15,714,000 over the previous year. However, as of the end of FY 1995, the CSC shortfall was approximately $43 million. As of March 30, 1996, the CSC shortfall just for new and expanded contracts was over $25 million. Shoshone-Bannock, 988 F. Supp. at 1329.

For FY 1997, the IHS requested significantly more for CSC -- $200,955,000, an increase of $46,115,000 -- but still far short of the then existing CSC need. As of the end of FY 1996, the IHS had a CSC shortfall of approximately $62 million. Further, the IHS separately reported to Congress that its total CSC shortfall for FY 1997 was $81,956,000. See IHS CSC Annual Shortfall Report to Congress for FY 1997 (Sep. 24, 1997), at 3. Thus, the IHS requested almost $36 million less than it acknowledged was necessary to fully fund its CSC need for FY 1997.

G. Background of the Seldovia Village's Claim

In 1995, the Tribe and the Office of Cost Allocation, Department of Health and Human Services, negotiated an indirect cost rate of 47.3 percent for FY 1996 and FY 1997. Proposed Amendments 2 & 3 to FY 1996 AFA (with attached IDC Agreement). Based upon this rate, the Tribe's CSC need for both years was $247,696.

On January 24, 1996, the Tribe submitted to the IHS proposed amendments 2 and 3 to the FY 1996 AFA. Among other things, these amendments would have adjusted the funding in the FY 1996 AFA to provide for the payment of indirect costs under the negotiated indirect cost rate of 47.3 percent in accordance with the terms of the AFA. Section 4(B) of the FY 1996 AFA provides for the payment of contract support funds for indirect costs under section 106(a)(2) of the Act and Indian Self-Determination Memorandum No. 92-2.[6] The amount requested by the Tribe was determined based on the policies in ISDM 92-2.

At a meeting between tribal and IHS representatives held on December 3, 1996, the IHS tentatively responded that no action had been taken by the IHS on the amendments submitted almost a year earlier and that consequently these amendments were not incorporated into the FY 1996 AFA. On December 10, 1996 the Area Office, after further file review, confirmed that "we find that neither the Area [Office] nor IHS Headquarters processed the proposed amendments when received."

While the IHS agreed that $247,696 was the Tribe's CSC need, it stated that only $121,257 was available for CSC. Based upon this lack of "available" funds, the IHS did not incorporate the amendment into the Tribe's FY 1996 or FY 1997 AFA's. Instead, the IHS simply noted that it "did not have contract support cost shortfall funding available to meet [the Tribe's] needs at the time the amendment was first proposed, nor does it have those funds now." Similarly, the Final Contracting Officer's Decision seeks to justify the failure of the IHS to pay the Tribe's CSC requirement by stating that "the Alaska Area IHS did not have any new funds to award for the IDC rate change." As a result, the Tribe suffered a CSC funding shortfall of $126,439 in both FY 1996 and FY 1997.

Although not clearly stated, the IHS's position that no funds were available was apparently based upon its process for determining available funds for CSC under ISDM 92-2, through which the IHS generally only increases its allocation of funds for CSC if the Conference Committee recommends such an increase in report language. Thus, although Congress increased the IHS' budgets for FY 1996 and FY 1997 by tens

[6] The AFA provides that ISDM No. 92-2 shall apply if no revisions of this memorandum is in effect by October 1, 1995, which was the case.

of millions of dollars in non-earmarked funds each year, the position of the IHS seems to be that these and other non-mandatory funds were not "available" for CSC.

Positions of the Parties

The Government argues that even if it accepts the Thompson decision, IHS is entitled to summary judgment because the funding provisions of the ISDA are not self-executing but require annual funding agreements to identify the programs, services, functions, and activities to be performed or administered, the funds to be provided, the general budget category assigned, the time and method of payment, and any other provisions to which the parties agree. Appellant agrees that how the Board rules depends upon interpretation of the relevant provisions in Appellant's AFA's for FY's 1996 and 1997, and IHS's policies ISDM 92-2 and IHS Circular 96-04.

At the time Seldovia's FY 1996 AFA was entered into, IHS was in the process of revising ISDM 92-2, so the AFA provided as follows:

> The parties have not agreed on the amounts to be paid or the method and process for calculation and payment of contract support costs under the AFA. The IHS has proposed a new policy, which will be the successor to ISDM 92-2. This proposal is currently being circulated for tribal comment. It is anticipated that a new policy will be adopted by the IHS Director on or before October 1, 1995. It is the position of the IHS that any payment of or calculation of contract support costs shall be made in accordance with the new IHS policy referred to herein, except that if such a new policy is not in effect by October 1, 1995, contract support negotiations shall be based on ISDM 92-2 (emphasis added).

IHS's Circular 96-04, the successor policy to ISDM 92-2, was not issued until April 1, 1996. Thus, the Government asserts that Appellant's FY 1996 AFA was governed by ISDM 92-2, and that the amount of CSC paid for that year was in accordance with this policy. According to IHS, the only question before the Board is whether IHS met its obligations under ISDM 92-2, which it argues it did.

Seldovia requested an amendment to its 1996 AFA on January 24, 1996, approximately four months into the term of the FY 1996 AFA, because it had negotiated a new indirect cost rate with HHS's Office of Cost Allocation. IHS applied the new cost rate in determining the CSC payments the Tribe was entitled to but

allegedly could not pay the entire amount because of its shortfall in appropriations. Although the Tribe subsequently sought the full amount to which it was otherwise entitled, IHS maintains that Seldovia was bound by the funding scheme it had agreed to in its AFA, which limited total CSC payments to the amounts recommended by the Appropriations Committee despite an increase in the total ISDA appropriation. But Appellant cites MAPCO Alaska Petroleum, Inc., v. United States, 27 Fed. Cl. 405 (1992), for the proposition that the Government cannot contractually force the Tribe to accept less than full CSC's when the Tribe is entitled to full CSC's by law. It also asserts that the Government cannot lawfully benefit from a contract provision contrary to law, citing Beta Systems, Inc., v. United States, 838 F.2d at 1185. We agree.

IHS also renews in this Appeal its argument that Sec. 314 in the Omnibus Consolidated and Emergency Supplemental Appropriations Act for FY 1999, Pub. L. 105-277, restated the Congress's intention that the obligation to fund contract support costs is limited to the amount specifically appropriated for that purpose each year. Sec. 314 states in part:

> Notwithstanding any other provision of law, amounts appropriated to or earmarked in committee reports for the Bureau of Indian Affairs and the Indian Health Service by Public Laws 103-138, 103-332, 104-134, 104-208 and 105-83 for payments to tribes and tribal organizations for contract support costs associated with self-determination or self-governance contracts, grants, compacts, or annual funding agreements with the Bureau of Indian Affairs or the Indian Health Service as funded by such Acts, are the total amounts available for fiscal years 1994 through 1998 for such purposes.

By contrast, Appellant's position is that (1) IHS had a mandatory obligation to fully fund the Tribe's CSC requirement to the extent that funds were legally available, and (2) adequate funds were legally available in both FY 1996 and FY 1997 to fully fund the Tribe's CSC requirement. Appellant also disputes IHS' contention that it was bound by the wording of its AFA to accept a lesser amount, noting that the 1996 AFA specifically stated that Seldovia would receive CSC payments "as defined in section 106(a)(2) and (3)" of the Act (i.e., 25 U.S.C. sec. 450j-1(a)(2) and (3). According to Appellant:

> This mandatory contract language obligated the IHS to pay the Tribe's contract support requirement to the extent that funds were available in FY 1996 and FY 1997. Since more than adequate funds were available in those years, the

contract and statute required the IHS to pay 100 percent of the Tribe's contract support requirement. Because the IHS failed to do so, it breached its contract with the Tribe and the Tribe is entitled to a judgment for damages.

The Board is unable to conclude that the Tribe ever agreed in the FY 1996 AFA that the policies set forth in ISDM 92-2 were controlling. If anything, the relevant language indicates a lack of agreement by the parties as to the amounts to be funded and the method of funding.

As for Sec. 314, Appellant contends that IHS' position that it "extinguishes" the Tribe's claims for more contract support costs must mean that the Tribe previously had a valid claim. It further argues that giving Sec. 314 retroactive effect would be inconsistent with the plain language of that provision and in clear violation of the three-part test for retroactivity enunciated in Madrid v. Gomez, 150 F. 3d 1030 (9th Cir. 1998), citing Landgraph v. USI Film Products, 511 U.S. 244 (1994). The tests are (1) whether Congress has expressly prescribed the statute's proper reach: a statute can operate retroactively only with a clear statement to that effect; (2) whether the statute is retroactive under the ordinary rules of statutory construction, including its legislative history; but (3) if neither of the previous steps sheds light on the scope of the statute, then the court must apply the judicial default rule that statutes are not to be applied so as to create a "retroactive effect."

Appellant asserts that the terms of Sec. 314 are on their face prospective ("are the total amounts available" and "may use"). It cites the language of Landgraph that: "The largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance." 511 U.S. 244 at 271. The Landgraph court adds a footnote as follows:

> While the great majority of our decisions relying upon the antiretroactivity presumption have involved intervening statute burdening private parties, we have applied the presumption in cases involving new monetary obligations that fell only on the government [Ibid., case citations omitted].

However, we need not discuss the effect of Sec. 314 at greater length because the Board's position on that issue has already been made clear in Cherokee and been

affirmed by the Federal Circuit in Thompson. Briefly, as Appellant urges, we did not find it contains the necessary requisites for retroactive application. Thus, Section 314 does not preclude summary judgment for Appellant.

## Decision

Having thoroughly reviewed the parties' voluminous submissions in this matter, we find that this Appeal has no significant differences from Cherokee, and that the precedent in Thompson is controlling.

Accordingly, we grant Appellant's Motion for Summary Judgment and hold that, in the circumstances of this case, (1) the Tribe's mandatory and agreed-upon contract support costs should have been fully funded out of IHS's more than adequate lump-sum appropriations for the years in question, rather than being limited to amounts informally recommended by the Appropriations Committee; (2) IHS had an obligation to reprogram funds, if necessary, to fulfill that statutory obligation; and (3) Seldovia is entitled to an additional $252,878 in CSC to cover IHS's underpayment in FY's 1996 and 1997, together with interest calculated in accordance with the Contract Disputes Act. The Government's motions are hereby denied.

B Parrette

Bernard V. Parrette
Administrative Judge

I concur:

Candida Steel

Candida S. Steel
Chief Administrative Judge