# Exhibit F

Excerpt from United States' Brief in *Tunica-Biloxi Tribe of Louisiana v. United States*, No. 1:02cv02413 (D.D.C.) (Dec. 21, 2006)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TUNICA-BILOXI TRIBE OF LOUISIANA;<br>RAMAH NAVAJO SCHOOL BOARD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES of AMERICA;<br>MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services; DIRK KEMPTHORNE, Secretary of the United States Department of the Interior,<br><br>Defendants. | Case No. 1:02CV02413<br>Judge Reggie B. Walton<br>Magistrate Judge Deborah A. Robinson |

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, Defendants United States, Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services, and Dirk Kempthorne, Secretary of the U.S. Department of the Interior, by and through undersigned counsel, hereby move this Court for an order dismissing the Second Amended Complaint and the Supplemental Complaint for lack of subject matter jurisdiction and failure to state a claim or, in the alternative, for an order granting summary judgment to them on all claims. The facts and law supporting this Motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and a separately filed Local Rule 7.1(h) Statement of Material Facts.

**B. The ISDA Allows IHS to Use Indirect Cost Rates, Negotiated under OMB A-87, in Making Indirect CSC Funding Awards.**

The ISDA does not prohibit IHS from using indirect cost rates negotiated under OMB A-87. To the contrary, the text of the ISDA demonstrates two things: that Congress intends IHS to use indirect cost rates, negotiated under OMB A-87, to make indirect CSC funding awards and that Congress prohibits IHS (and BIA) from paying the indirect costs of other federal agencies. This intention was made clear from the very first time Congress addressed indirect costs directly in the ISDA. See Indian Self-Determination & Educ. Assistance Act Amendments of 1988, Pub. L. No. 100-472, 102 Stat. 2285, §§ 103, 205 (1988). Significantly, Congress defined "indirect costs" for purposes of the ISDA in the same manner as indirect costs were defined under the pre-existing OMB Circulars. See id. § 103(f) (codified at 25 U.S.C. § 450b(f)); 35 Fed. Reg. 18797, 18799 (1970). By incorporation of the government-wide OMB A-87 definition, the plain language of the 1988 amendments demonstrates that Congress fully expected IHS to continue to use OMB A-87 indirect cost rates as the starting point for calculating indirect costs.

Other parts of the 1988 amendments demonstrate Congress's intent to allow IHS to award indirect costs on the basis of indirect cost rates negotiated under OMB A-87. Congress defined the term "indirect cost rate" in the 1988 amendments as "the rate arrived at through negotiation between an Indian tribe or tribal organization and the appropriate Federal agency[.]" Id. § 103(g) (codified as 25 U.S.C. § 450b(g)). Congress also added a requirement that IHS report to it on shortfalls in the funding of CSC. See id. § 205(c) (codified as 25 U.S.C. § 450j-1(c)). This report was to identify "the indirect cost rate and the type of rate for each tribal organization." Id. By these references, Congress evinced its knowledge and approval of the government-wide indirect cost rate system.

# Exhibit G

IHS Brief in *Fort Mojave Indian Tribe v. Leavitt*,
CBCA 547-ISDA (Civ. Bd. of Contract Appeals)
(April 1, 2008)

Michael Shachat
Assistant Regional Counsel
Lana Choi
Assistant Regional Counsel
Office of the General Counsel
U.S. Department of Health and Human Services
Region IX
90 7th Street, Suite 4-500
San Francisco, California 94103-6705
Telephone: (415) 437-8184
Facsimile: (415) 437-8188
Attorney for the Indian Health Service

CIVILIAN BOARD OF CONTRACT APPEALS
GENERAL SERVICES ADMINISTRATION
1800 F Street, NW
Washington, DC 20405

| | | |
|---|---|---|
| Fort Mojave Indian Tribe, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Judge Eileen P. Fennessy |
| vs. | ) | CBCA 547-ISDA |
| | ) | (IBCA 4879-2007 |
| Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services; Robert G. McSwain, Acting Director, Indian Health Service; United States of America, | ) | through IBCA 4882-2007) |
| | ) | |
| Appellees. | ) | |

**APPELLEES' RESPONSE TO**
**APPELLANT'S NOTICE OF ADDITIONAL AUTHORITY**

Appellees hereby respond to Appellant Fort Mojave Indian Tribe's "Notice of Additional Authority," which purports to give notice of "recent additional authority bearing on the issues presented in the dispositive motions currently pending before the Board."

Appellant has cited Menominee Indian Tribe v. United States, No. 07-812, 2008 WL 680379 (D.D.C. Mar. 14, 2008), a case which is not relevant to the issues presented in the

motions currently pending before this Board. Like Cherokee Notion v. Leavitt, 543 U.S. 631 (2005) and Ramah Navajo School Board, Inc. v. Babbitt, 87 F.3d 1338 (D.C. Cir. 1996), which have already been cited by Appellant in its briefs, the Menominee case concerns a claim for contract support costs ("CSC") under an ISDEAA contract. In contrast, the appeal before this Board concerns Appellant's claims for the "Section 106(a)(1)" or "Secretarial" amount under such contract (Appellant's damages claims for CSC are merely incidental to its primary claim for Section 106(a)(1) funding), thus Appellant's reliance on a line of CSC cases is wholly inapposite to this appeal. The CSC at issue in Cherokee, Ramah, and Menominee were indirect CSC, which are calculated by applying a pre-determined "indirect cost rate" to the amount of funds otherwise payable to a tribe (in the appeal before this Board, the Tribe has calculated the alleged indirect CSC due as a fixed percentage of its alleged Section 106(a)(1) amount). See, e.g., Ramah, 87 F.3d at 1441. Accordingly, such CSC are fixed according to this formula and must be paid pursuant to the ISDEAA, even if a tribe and IHS has somehow negotiated a lower amount and included that amount in the terms of the contract. See 25 U.S.C. § 450j-1(g) ("The Secretary shall add to the contract the full amount of funds to which the contractor is entitled under subsection (a) [providing CSC funding]" – thus the amount of indirect CSC is not subject to negotiation once the Section 106(a)(1) amount is negotiated). Contrary to indirect CSC, however, a tribe's Section 106(a)(1) amount is not calculated pursuant to a fixed formula, as the Section 106(a)(1) amount is a negotiated amount that "shall not be less than the appropriate Secretary would have otherwise provided for the operation of the programs or portions thereof for the period covered by the contract." 25 U.S.C. § 450j-1(a)(1). As set forth in detail in Appellees' Briefs, this is precisely the Section 106(a)(1) amount that was set forth in and paid

pursuant to the terms of the Tribe's contracts with IHS.

Dated: April 1, 2008

Respectfully submitted,

By: ______________________

Michael Shachat
Assistant Regional Counsel
Lana Choi
Assistant Regional Counsel
Office of the General Counsel
U.S. Department of Health and
Human Services
90 7th Street, Suite 4-500
San Francisco, CA 94103-6705
(415) 437-8184
(415) 437-8188 (fax)