**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BRISTOL BAY AREA HEALTH CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 07-725C** |
| | ) | **(Judge Sweeney)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO STRIKE**

Defendant United States, by and through undersigned counsel, respectfully moves to strike certain exhibits attached to plaintiff Bristol Bay Area Health Corporation's ("Bristol Bay" or "BBAHC" or "plaintiff") Memorandum In Opposition To Defendant's Motion To Dismiss ("Opposition"). Bristol Bay attaches seven exhibits, A through G, to its 40-page Opposition brief. Defendant objects to Plaintiff's Exhibits B, C, D, E, F and G, as follows.

**Plaintiff's Exhibit B**

Defendant moved to dismiss the complaint pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) upon the ground that the Court lacks subject matter jurisdiction to entertain certain of Bristol Bay's claims because they are barred by the six-year statute of limitation. Defendant also moved to dismiss the complaint pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted, and because one of Bristol Bay's claims is barred under the doctrine of res judicata. While contract documents are incorporated into the complaint and are thus subject to judicial notice by the Court, see e.g., RCFC 9(h)(3); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); W & D Ships Deck

Works, Inc. v. United States, 39 Fed. Cl. 638, 647 n.7 (1997),[1] extrinsic evidence is not permitted without converting the 12(b)(6) motion into one for summary judgment. RCFC 12(b)(6); District of Columbia v. United States, 67 Fed. Cl. 292, 301 (2005) ("Once the court decides to accept extra-pleading material, it must convert the 12(b)(6) motion into a Rule 56 motion") (citing De Brousse v, United States, 28 Fed. Cl. 187, 188 (1993); Schultz v. United States, 5 Cl. Ct. 412, 416 (1984).

Defendant first objects to Plaintiff's Exhibit B ("Indirect Cost Rate Agreements, FY 1993-1995"), which the Opposition refers to in a single footnote. Opposition at 12-13, n.12. Bristol Bay does not identify Plaintiff's Exhibit B as contract documents that it relied upon in framing its complaint. Id.; see also RCFC 9(h)(3); W & D Ships Deck Works, Inc., 39 Fed. Cl. at 647 n. 7. In fact, the complaint does not refer to or identify the specific documents contained

---

[1] See Def. Motion to Dismiss at 12-14 for discussion of this issue. In its Opposition, Bristol Bay also attaches copies of "shortfall reports." See Pl. Ex. A ("Indian Health Service, Alaska Area Shortfall Reports, FY 1993-1999"). Bristol Bay acknowledges that the shortfall reports are not contract documents, see Opposition at 19 n.17. In fact, the shortfall reports are reports issued to Congress in accordance with the requirements of the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450J-1(c). Compl. ¶ 17. Bristol Bay bases its complaint, in part, upon the shortfall reports, and cites to them extensively in the complaint. See Compl. ¶¶ 17-19, 27-32, 37. For this reason, defendant does not object to them, and believes that the Court may consider the shortfall reports in Plaintiff's Exhibit A without converting defendant's motion to dismiss into one for summary judgment. Tellabs, 127 S. Ct. at 2509; Teagardner v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 949-50 (6th Cir. 1990) (language and terms of pension plan "were central to the plaintiff's complaint, and were part of the pleadings before the district court."). Nevertheless, Plaintiff's Exhibit A is not relevant to defendant's motion to dismiss because it does not address the jurisdiction or res judicata arguments raised in our motion. Moreover, the shortfall reports merely repeats information already contained in the complaint. See Opposition at 12 ("the FY 1994 report shows . . . a shortfall of $2,092,884 . . . This is the amount . . . claimed in the Complaint.")). Finally, a report to Congress, which is all a shortfall report is, cannot serve as the basis of a contract cause of action.

in Plaintiff's Exhibit B. See Compl.[2] Moreover, Plaintiff's Exhibit B does not address the jurisdiction or res judicata arguments raised in defendant's motion to dismiss. See Pl. Ex. B. The Court should, therefore, strike Plaintiff's Exhibit B as improper extrinsic evidence.

**Plaintiff's Exhibit C**

Defendant objects to Plaintiff's Exhibit C, which is the affidavit statement of Robert J. Clark, Bristol Bay's President and Chief Executive Officer. See Pl. Ex. C ("Affidavit of Robert J. Clark In Support Of Plaintiff's Motion For Summary Judgment"). As a starting point, if Bristol Bay intends to use the Clark affidavit in a motion for summary judgment, then the affidavit is premature and should be stricken.

The Clark affidavit does not address the jurisdiction or res judicata issues raised in defendant's motion to dismiss. See Pl. Ex. C. Rather, Mr. Clark's affidavit represents substantive evidence to support Bristol Bay's claims of entitlement to indirect contract support costs. See e.g. Opposition at 9 (citing Pl. Ex. C ("Generally there was an indirect cost rate in place although in some instances it still could have been under negotiation.")). Moreover, Bristol Bay proffers the Clark affidavit as "evidence to counter" certain assertions made by defendant in its motion to dismiss. See Opposition at 10, citing Pl. Ex. C. However, in ruling upon an RCFC 12(b)(6) motion to dismiss, the Court must accept as true the complaint's factual allegations and construe them in a light most favorable to plaintiff. Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Thus, without resorting to extrinsic evidence, such as the Clark affidavit, Bristol Bay is free to argue, as it has, that defendant's "allegation cannot be found in the

---

[2] The complaint mentions "BBAHC's indirect cost agreements," but does not cite to the documents contained in Plaintiff's Exhibit B. See Compl. ¶ 14 (citing "FY 1995 AFA § 4(b); FY 1996 AFA § 4(b)").

complaint." See Opposition at 10, citing Pl. Ex. C. The Court should, therefore, strike Plaintiff's Exhibit C as improper and unnecessary extrinsic evidence.[3]

**Plaintiff's Exhibit D**

In its Opposition, Bristol Bay attempts to rebut defendant's purported "suggestion" that Bristol Bay had "waived its right to claim additional indirect cost funding by 'acquiesc[ing]' in the lower funding amount." Opposition at 21 (quoting Def. Mot. to Dismiss at 15). Bristol Bay proffers Plaintiff's Exhibit D, which is a decision of a board of contract appeals, to support its argument that Bristol Bay has not "waived" its statutory rights. See Opposition at 26-27 (citing Pl. Ex. D ("*Appeals of Seldovia Village Tribe*, IBCA 3862 & 3863/97 (Oct. 20, 2003)). However, in its motion to dismiss, defendant did not present the defense of waiver, but merely cited to the requirements of the ISDEAA, 25 U.S.C. § 450f(b)(2), which state in relevant part that "[i]f the Secretary declines the [contract] proposal, the Tribe or Tribal organization may: . . . (2) acquiesce in the terms offered by the Secretary and accept the contract and funding." Def. Mot. to Dismiss at 15. Thus, Plaintiff's Exhibit D is not relevant, and the Court should strike it.

**Plaintiff's Exhibit E**

Next, defendant objects to Plaintiff's Exhibit E, which is a 22-page motion for reconsideration and supporting memorandum, plus 22 additional pages of attachments, that counsel for Bristol Bay recently filed in another case, in another Federal court, for a different client. See Pl. Ex. E, "Menominee Indian Tribe of Wisconsin v. United States, No. 1:07 cv

---

[3] By attaching extrinsic evidence such as Plaintiff's Exhibits A, B and C to its Opposition, Bristol Bay may seek to convert defendant's motion into one for summary judgment, and, indeed, Bristol Bay makes that argument in its Opposition. See Opposition at 38-39. This type of boot strapping should not be permitted.

00812 (D.D.C.), Plaintiff's Motion for Partial Reconsideration (Mar. 24, 2008)." RCFC 5.3(b)(1) requires that an opposition brief not exceed 40 pages without leave of the Court. Bristol Bay's 40-page Opposition memorandum meets this requirement. Accordingly, RCFC 5.3(b)(3) forbids incorporation by reference. And while the Court's Rules permit a party to rely upon attached prior memorandum, the Rules require that the number of pages be identified on the first page of the brief and that they be counted against the allowed page limit. RCFC 5.3(b)(3). However, nothing permits a party to attach its legal briefs from a *different* case involving a different plaintiff. Id. Bristol Bay has done that with Plaintiff's Exhibit E.

In its Opposition, Bristol Bay refers to Plaintiff's Exhibit E in a single footnote, which states:

> Recently a Federal district court ruled in a short opinion with little analysis, that tolling did not apply to class members like BBAHC. See *Menominee Tribe of Indians v. United States*, 2008 WL 680379 (D.D.C. 2008). This ruling is seriously flawed and a motion to reconsider has been filed. See Pl. Ex. E (Menominee Memorandum in Support of Motion for Partial Reconsideration).

Opposition at 30, n.26. Defendant has no reason to dispute that "a motion to reconsider has been filed" in the Menominee case. Id. Plaintiff's counsel certainly does not have to attach its entire reconsideration motion in Menominee to its Opposition memorandum to make this point.

In its Opposition, Bristol Bay devotes approximately 8 pages to address defendant's arguments in the motion to dismiss concerning the statute of limitations. Opposition at 27-35. In Plaintiff's Exhibit E, the Menominee brief discusses identical legal issues about the statute of limitations for approximately 13 pages. See Opposition, Pl. Ex. E, A30-43. Therefore, the legal arguments presented in the Menominee brief supplement and expand upon the legal arguments

that Bristol Bay makes in its Opposition concerning a central issue in this case, i.e., whether certain of Bristol Bay's claims are barred by the statute of limitations. Thus, Plaintiff's Exhibit E improperly causes plaintiff's brief to exceed the 40- page limit required for an opposition brief, without leave of the Court, and should be stricken for that reason. See RCFC 5.3(b)(1).

**Plaintiff's Exhibits F and G**

Defendant also objects to Plaintiff's Exhibits F and G, which are excerpts from Government briefs in two separate cases involving interpretation of the ISDEAA, 25 U.S.C. § 450 et seq. See Pl. Ex F ("Excerpt from United States' Brief in *Tunica-Biloxi Tribe of Louisiana v. United States*, No. 1:02 cv 02413 (D.D.C.) (Dec. 21, 2006)"); Pl. Ex. G ("IHS [Indian Health Service] Brief in *Fort Mojave Indian Tribe v. Leavitt*, CBCA 547-ISDA (Civ. Bd. of Contract Appeals) (April 1, 2008)"). Bristol Bay proffers Plaintiff's Exhibits F and G in an attempt to rebut certain arguments that defendant made in its motion to dismiss concerning interpretation of contractual or statutory provisions. See Opposition at 18, citing Pl. Ex. F at A71; Opposition at 19, citing Pl. Ex. G at A73. Plaintiff's Exhibits F and G do not address the jurisdiction or res judicata issues raised in defendant's motion to dismiss. See Pl. Exs. F and G.

To the extent that Bristol Bay's intent was to assert judicial estoppel, the documents serve no purpose inasmuch as that doctrine provides that "'[w]here a party assumes a certain position in a legal proceeding, *and succeeds in maintaining that position*, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Biomedical Patent Management Corp. v. California, 505 F.3d 1328, 1341 (Fed. Cir. 2007) (quoting New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (emphasis added). One of the factors for a court to consider

in determining whether the doctrine of judicial estoppel applies is "*whether the party succeeded in persuading a court to accept that party's earlier position*, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.'" Biomedical Patent Management Corp, 505 F.3d at 1341(quoting New Hampshire, 532 U.S. at 750-51) (emphasis added).

Bristol Bay relies upon Plaintiff's Exhibits F and G to argue, in effect, that defendant is judicially estopped from making certain arguments in its motion to dismiss. See Opposition at 18, 19. Without getting into the substance of those arguments, Bristol Bay fails to demonstrate the predicate factor that defendant has "succeeded in persuading a court to accept" its "earlier position," as purported in Plaintiff's Exhibits F and G. New Hampshire, 532 U.S. at 750-51. Indeed, with respect to plaintiff's Exhibit F, Bristol Bay acknowledges that the court has not yet decided the Tunica-Biloxi case. See Opposition at 18, n.16 ("*If* the Government succeeds in argument in the *Tunica-Biloxi* case, then it could very well be precluded by judicial estoppel from taking a contrary approach here.") (citations omitted) (emphasis added); see also New Hampshire, 532 U.S. at 751 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity.'").

Plaintiff's other Government brief, Plaintiff's Exhibit G, is dated April 1, 2008, and, therefore, *post-dates* defendant's motion to dismiss, filed February 1, 2008. See Pl Ex. G. Clearly, Plaintiff's Exhibit G does not represent an "earlier position" of the Government in the instant case. See New Hampshire, 532 U.S. at 751. Bristol Bay thus fails to establish that the doctrine of judicial estoppel applies in this case. The Court should use its discretion, therefore,

and strike Plaintiff's Exhibits F and G.

In summary, it is well established that each case must be decided upon its own facts and in light of its own circumstances. Becho, Inc. v. United States, 47 Fed. Cl. 595, 601 (2000) (citing Wunderlich Contracting Co. v. United States, 173 Ct. Cl. 180, 351 F.2d 956, 966) (1965)). Defendant believes that Bristol Bay has ample opportunity to respond to the Government's dispositive motion without resort to extrinsic evidence and legal briefs from other cases. See Pl. Exs. B, C, D, E, F and G. Defendant respectfully requests, therefore, that the Court strike Plaintiff's Exhibits B, C, D, E, F and G.

Finally, defendant may have to devote additional time and effort to address all of Bristol Bay's exhibits attached to its Opposition. Without knowing which, if any, of Bristol Bay's exhibits that we will have to respond to, therefore, defendant respectfully requests that the Court grant it 30 days from the date it rules upon this motion to file our reply to Bristol Bay's Opposition.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike should be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

a/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tel. (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendants

Of Counsel:

SCOTT S. DRIGGS
Assistant Regional Counsel
U.S. Department of Health and
Human Services
1961 Stout Street, Room 325
Denver, CO 80294

Tel: (303) 844-7808
fax: (303) 844-6665

April 15, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of April, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley