IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BRISTOL BAY AREA HEALTH CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 07-725C** |
| | ) | **(Judge Sweeney)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Defendant United States, by and through undersigned counsel, hereby replies to plaintiff Bristol Bay Area Health Corporation's ("Bristol Bay" or "BBAHC" or "plaintiff") Response In Opposition To Defendant's Motion To Strike ("Response"), as follows.

**Plaintiff's Exhibit B**

In defendant's motion to strike, we moved to strike Plaintiff's Exhibit B ("Indirect Cost Rate Agreements, FY 1993-1995"), attached to Bristol Bay's Opposition brief, upon the ground that the complaint does not refer to or identify the specific documents contained in this exhibit. See Def. Mot. to Str. at 2-3, n.2 (quoting Compl. ¶ 14 ). In its Response, Bristol Bay asserts that "the documents *are* referenced in the complaint." Pl. Resp. at 2 (citing Compl. ¶ 14). This is not evident from the complaint. While the complaint refers briefly and generally to "BBAHC's indirect cost agreements," the complaint does not cite to, describe, or otherwise identify the specific documents contained in Plaintiff's Exhibit B; instead, the complaint refers to two of the annual funding agreements ("AFA"). See Compl. ¶ 14 (citing "FY 1995 AFA § 4(b); FY 1996 § AFA 4(b)). Indeed, the fact that Bristol Bay attaches Plaintiff's Exhibit B to its Opposition is

an implicit acknowledgment that complaint fails to provide "a description" of the documents in Plaintiff's Exhibit B, "sufficient to identify" them. RCFC 9(h)(3).[1]

Defendant does not dispute that the Indian Self Determination Memorandum ("ISDM") 92-2 and the AFAs refer to "indirect cost agreements." See Pl. Resp. at 3 (citing Def. Mot. to Dismiss at 13). However, the AFAs and ISDM 92-2 do not identify or describe the specific documents contained in Plaintiff's Exhibit B. See e.g. Def. Mot. to Dismiss, Ex. E at A11 § 4(b) (excerpt from FY 1995 AFA) and Ex. G at A21 (ISDM 92-2).

Bristol Bay contends that it offers the documents in Plaintiff's Exhibit B to counter the Government's purported assertion that "the AFA's do not call for a specific amount of CSC [contract support costs]." Pl. Resp. at 3 (citing, purportedly, Def. Mot. to Dismiss at 16). Bristol Bay misstates defendant's position. In fact, defendant agrees that the AFAs call for a specific amount of CSC, and our motion to dismiss even quotes the "specific amount of CSC" agreed to by the parties in the FY 1996 AFA ($590,428). See Def. Mot. to Dismiss at 17. Therefore, plaintiff's asserted basis for attaching Plaintiff's Exhibit B, e.g., to show that "the AFAs *do* call for a specific amount" of CSC, see Pl. Resp. at 3 (emphasis in original), lacks merit.

For these reasons, defendant respectfully renews its request that the Court strike Plaintiff's Exhibit B as improper extrinsic evidence.

Alternatively, should the Court determine that the complaint does sufficiently identify the

[1] Defendant believes that for the purposes of our motion to strike, it is not necessary to address the merits of plaintiff's argument that RCFC 9(h)(3) "is not applicable" to its case. Pl. Resp. at 2. It is undisputed that plaintiff did not attach any documents to the complaint. The relevant point for our citing RCFC 9(h)(3) in this instance is to illustrate that the complaint fails to sufficiently describe or identify the documents in Plaintiff's Exhibit B.

items submitted in Plaintiff's Exhibit B as contract related documents or items that plaintiff relied upon in framing its complaint, defendant submits that the Court may accept and review the documents without converting the motion to dismiss into one for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. Cir. 1999); Teargardner v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 949-50 (6th Cir. 1990).

**Plaintiff's Exhibit C**

Defendant moved to strike Plaintiff's Exhibit C, the affidavit statement of Robert J. Clark, Bristol Bay's President and Chief Executive Officer, see Pl. Ex. C ("Affidavit of Robert J. Clark In Support Of Plaintiff's Motion For Summary Judgment") upon the ground that it is improper extrinsic evidence. See Def. Mot. to Strike at 3. Bristol Bay cannot force the Court to convert defendant's motion to dismiss into one for summary judgment simply by offering extrinsic evidence such as the Clark affidavit. See Pl. Resp. at 1-2. That is so because in ruling upon an RCFC 12(b)(6) motion, it is entirely within the Court's discretion to decide whether to consider matters outside the pleadings. Gallo v. United States, 76 Fed. Cl. 593, 598 n.4 (2007). Further, in exercising its discretion, the Court has determined *not* to consider matters outside the pleadings where the Court "finds that the pleadings include sufficient information from which to rule on defendant's motion." Id.

Bristol Bay proffers the affidavit of Mr. Clark to rebut a factual assertion in the motion to dismiss that "addendums which add money to the contract are 'negotiated.'" Pl. Resp. at 4 (citing Def. Mot. to Dismiss at 17). Without addressing the merits of plaintiff's contention, Bristol Bay is free to argue, as it has, that defendant's factual assertion "cannot be found in the complaint"

Id.; see also Opposition at 10. Thus, it is demonstrably unnecessary for the Court to consider extrinsic evidence such as Plaintiff's Exhibit C, as the pleadings provide "sufficient information from which to rule on" defendant's motion. Gallo, 76 Fed. Cl. at 598 n.4; Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (in ruling upon an RCFC 12(b)(6) motion, the Court must accept as true the complaint's factual allegations and construe them in a light most favorable to the plaintiff).

Furthermore, the Court should strike the Clark affidavit because it presents substantive evidence in support of Bristol Bay's claims of entitlement to indirect contract support costs that go well beyond plaintiff's stated intention of proffering the Clark affidavit simply to counter a specific factual allegation in defendant's motion to dismiss. See Pl. Resp. at 4; see e.g. Opposition, Pl. Ex. C at A12, ¶ 4 ("The fact is that the IHS has never paid us the entire amount calculated by application of the indirect cost rate to the base because they have told us that they are chronically short of funds.").

For these reasons, defendant requests that the Court strike Plaintiff's Exhibit C as improper and unnecessary extrinsic evidence.

**Plaintiff's Exhibit D**

Defendant has not argued waiver in the motion to dismiss. Therefore, defendant moved to strike, for lack of relevance, Plaintiff's Exhibit D ("*Appeals of Seldovia Village Tribe*, IBCA 3862 & 3863/97 (Oct. 20, 2003), a decision of a board of contract appeals that Bristol Bay argues supports its argument that its has not "waived its right to claim any additional indirect cost funding by 'acquiesc[ing]' in the lower funding amount." Opposition at 21 (quoting Def. Mot. to Dismiss at 15 ("[i]f the Secretary declines the [contract] proposal, the Tribe or Tribal

organization may: . . . (2) acquiesce in the terms offered by the Secretary and accept the contract and funding.").

In its Response, Bristol Bay goes to some length to argue that because the word "acquiesce" does not appear in the ISDEAA, its "only other option is to presume that the Government is making a case for waiver," and, therefore, plaintiff attached the Seldovia decision to its Opposition to address the purported "waiver" issue. Pl. Resp. at 5 (citing Def. Mot. to Dismiss at 15). This is a stretch. Without addressing the merits of plaintiff's contentions concerning the word "acquiesce," Bristol Bay was free to make these same arguments in the Opposition, without attaching Seldovia. Indeed, the Seldovia decision does not mention the word "acquiesce," and does not otherwise address the specific point for which defendant used that word in the motion to dismiss. See Pl. Resp. at 5; Pl. Ex. D; Def. Mot. to Dismiss at 15. Moreover, the board's decision in Seldovia, which was decided before Cherokee Nation v. Leavitt, 543 U.S. 631 (2005), is neither authoritative nor binding upon the Court. Thus, Plaintiff's Exhibit D is not relevant, and the Court should strike it, or, alternatively, disregard it.

**Plaintiff's Exhibit E**

Defendant moved to strike Plaintiff's Exhibit E, "Menominee Indian Tribe of Wisconsin v. United States, No. 1:07 cv 00812 (D.D.C.), Plaintiff's Motion for Partial Reconsideration (Mar. 24, 2008)," upon the ground that it improperly causes plaintiff's Opposition to exceed the 40- page limit required for an opposition brief, without leave of the Court. See Def. Mot. to Strike at 4-6; see also RCFC 5.3(b)(1). Bristol Bay virtually concedes this point by requesting that the Court grant it "leave to file a brief in excess of 40 pages" should the Court determine that Plaintiff's Exhibit E represents "an improper expansion" of its

Opposition brief. Pl. Resp. at 5-6. Presumably, Bristol Bay makes this request in order that it may include additional arguments from the Menominee brief in a second opposition filing in this case. In light of this, Bristol Bay's pretext for attaching the Menominee brief to the Opposition is unpersuasive. See Pl. Resp. at 5 ("Our purpose in filing the [Menominee] brief was to inform the court as to the basis of the motion to reconsider, which we believe to be valuable and relevant.").[2]

Bristol Bay had an opportunity to focus its opposition argument on any particular matter raised in defendant's motion to dismiss, at whatever length, as long as plaintiff's brief did not exceed 40 pages without leave of the Court. RCFC 5.3(b)(1). The Opposition, as filed, meets this requirement. Moreover, in the Opposition, Bristol Bay addressed defendant's jurisdictional arguments concerning the statute of limitations. See Opposition at 27-35. Bristol Bay thus fails to demonstrate that it needs an opportunity to file a second, expanded Opposition to further brief the statute of limitations or any other issue raised in the motion to dismiss. For the reasons stated in our motion to strike, therefore, the Court should strike Plaintiff's Exhibit E and should further deny Bristol Bay's request to file a second opposition brief in excess of 40 pages.

**Plaintiff's Exhibits F and G**

Defendant moved to strike Plaintiff's Exhibits F and G, which are excerpts from Government briefs in two separate cases involving interpretation of the ISDEAA, 25 U.S.C. § 450 et seq. See Pl. Ex F ("Excerpt from United States' Brief in *Tunica-Biloxi Tribe of Louisiana v. United States*, No. 1:02 cv 02413 (D.D.C.) (Dec. 21, 2006)"); Pl. Ex. G ("IHS [Indian Health

[2] Moreover, in an Order dated April 30, 2008, the United States District Court for the District of Columbia denied plaintiff Menominee Indian Tribe of Wisconsin's Motion for Partial Reconsideration. See Menominee Indian Tribe of Wisconsin v. United States, No. 1:07 cv 00812 (D.D.C.), docket entry # 19, 04/30/208.

Service] Brief in *Fort Mojave Indian Tribe v. Leavitt*, CBCA 547-ISDA (Civ. Bd. of Contract Appeals) (April 1, 2008)"). Bristol Bay relies upon Plaintiff's Exhibits F and G to argue, in effect, that defendant is judicially estopped from making certain arguments in its motion to dismiss. See Opposition at 18, 19.

In its Response, Bristol Bay avers that it "made no argument of judicial estoppel." Pl. Resp. at 6. However, Bristol Bay certainly raised the specter of judicial estoppel in its Opposition. See Opposition at 18, n.16 ("If the Government succeeds in argument in the *Tunica-Biloxi* case, then it could very well be precluded by *judicial estoppel* from taking a contrary approach here.") (emphasis added). Therefore, for the reasons stated in defendant's motion to strike, the doctrine of judicial estoppel does not apply in this case, and the Court should strike Plaintiff's Exhibits F and G.

Bristol Bay explains that its purpose in attaching Plaintiffs Exhibits F and G is to somehow show the Court that "whatever [defendant] says about the meaning of either [the statute or contracts] should not be given any deference here." Pl. Resp. at 6. Plaintiff's preemptive attempt to poison the well against defendant should not be countenanced. This lawsuit, as with all cases, must be decided upon its own facts and in light of its own circumstances. Becho, Inc. v. United States, 47 Fed. Cl. 595, 601 (2000) (citing Wunderlich Contracting Co. v. United States, 351 F.2d 956, 966 (Ct. Cl. 1965)). Bristol Bay had ample opportunity to respond to defendant's dispositive motion without resort to legal briefs from other cases. Forcing defendant to respond to, and for the Court to consider, arguments made by parties in other cases represents a waste of the parties' and the Court's time and resources. Therefore, in light of the fact Bristol Bay now disavows that it has argued judicial estoppel in the Opposition, see Pl. Resp. at 6, the

Court should use its discretion to strike Plaintiff's Exhibits F and G because they are not relevant to this case.

Finally, due to the complexity of the issues involved in the parties' briefings and without knowing which, if any, of Bristol Bay's exhibits that defendant will have to respond to, defendant respectfully renews its request that the Court grant it 30 days from the date it rules upon our motion to strike to file our reply to Bristol Bay's Opposition. Bristol Bay apparently opposes this reasonable request, but fails to state that it will be prejudiced in any way by it. As there are no issues yet of discovery, our request will not result in undue prejudice or delay, and it will afford defendant the opportunity to prepare a responsive and comprehensive reply brief.

## CONCLUSION

For the foregoing reasons, defendant's motion to strike should be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tel. (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendants

Of Counsel:

SCOTT S. DRIGGS
Assistant Regional Counsel
U.S. Department of Health and
Human Services
1961 Stout Street, Room 325
Denver, CO 80294

Tel: (303) 844-7808
fax: (303) 844-6665

May 8, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 8th day of May, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley