**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BRISTOL BAY AREA HEALTH CORPORATION,** | ) | |
| **Plaintiff,** | ) | **No. 07-725C** |
| | ) | **(Judge Sweeney)** |
| **v.** | ) | |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO STAY**

Defendant, the United States, respectfully requests that the Court defer consideration of, and suspend defendant's obligation to respond to, "Plaintiff's Motion For Summary Judgment" and supporting memorandum, proposed findings of uncontroverted fact, and exhibits, that plaintiff, Bristol Bay Area Health Corporation ("Bristol Bay" or "plaintiff"), filed on April 15, 2008, until such time as the Court rules upon defendant's motion to dismiss. Our response to plaintiff's motion for summary judgment is currently due May 16, 2008. Counsel for Bristol Bay has not indicated whether they consent to, or oppose, this motion.

On February 1, 2008, in lieu of filing an answer, defendant moved to dismiss the complaint, in part, upon the ground that the Court lacks subject matter jurisdiction to entertain Bristol Bay's claims for fiscal years (FY) 1997 and 1998 because they are barred by the six-year statute of limitations. Defendant moved also to dismiss Bristol Bay's claims for FY 1995 because they are barred under the doctrine of res judicata, or claim preclusion. In addition, defendant moved to dismiss Bristol Bay's claims for FYs 1993-99, for failure to state a claim upon which relief can be granted. On April 2, 2008, Bristol Bay filed a brief in opposition to the

motion to dismiss. Defendant has not yet filed a reply to plaintiff's opposition, pending, at our request, the Court's ruling upon defendant's motion to strike certain of plaintiff's exhibits attached to its opposition brief. On April 15, 2008, Bristol Bay filed a motion for summary judgment addressing the merits of plaintiff's claims.

It is well established that "subject matter jurisdiction is a threshold matter that must be established before reaching the merits" of a plaintiff's claims. Wheaton v. Merit System Protection Board, No. 2007-3289, 2008 WL 116337 at *3 n.1 (Fed. Cir. Jan. 11, 2008) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998); see also Deponte Investments, Inc., v. United States, 54 Fed. Cl. 112, 114 (2002) (same). Furthermore, this Court "has broad discretion to stay proceedings before it in the interests of 'economy of time and effort for itself, for counsel, and for litigants.'" Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 15 (2001) (quoting Landis v. North America Co., 299 U.S. 248, 254 (1936); see also Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (district courts "are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them.").

When defendant's motion to dismiss challenges the Court's jurisdiction over two of plaintiff's claims, it is appropriate for the Court to first resolve our motion to dismiss before considering plaintiff's motion for summary judgment. See Wheaton, 2008 WL 116337 at *3 n.1; Deponte Investments, Inc., 54 Fed. Cl. at 114. Furthermore, it would be inefficient and a waste of the Government's and the Court's time and effort to address the issues raised in plaintiff's motion for summary judgment if the Court agrees with defendant's analysis in our motion to dismiss. See Coast Fed. Bank, FSB, 49 Fed. Cl. at 15. Therefore, defendant respectfully requests that the Court defer consideration of plaintiff's motion for summary judgment and

suspend defendant's obligation to respond to plaintiff's motion until the Court rules upon defendant's motion to dismiss the complaint.

Alternatively, should the Court deny this motion, defendant respectfully requests that the Court grant us 30 days from the date that the Court rules upon this motion within which to file our response to Bristol Bay's motion for summary judgment.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tel. (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendants

Of Counsel:

SCOTT S. DRIGGS
Assistant Regional Counsel
U.S. Department of Health and
Human Services
1961 Stout Street, Room 325
Denver, CO 80294

Tel: (303) 844-7808
fax: (303) 844-6665

May 9, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 9th day of May, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley