# In the United States Court of Federal Claims

No. 07-725 C
(Filed: May 12, 2008)

```
************************************
BRISTOL BAY AREA                   *
HEALTH CORPORATION,                *
                                   *
                 Plaintiff,        *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
                 Defendant.        *
************************************
```

## ORDER

On May 9, 2008, defendant filed a Motion to Stay ("motion"). In its motion, defendant requests that the court defer consideration of, and suspend defendant's obligation to respond to, Plaintiff's Motion for Summary Judgment and supporting memorandum, proposed findings of uncontroverted fact, and exhibits, all of which were filed by plaintiff on April 15, 2008, until such time as the court rules upon defendant's motion to dismiss. Defendant's response to plaintiff's motion for summary judgment is due May 16, 2008, and defendant represents that plaintiff has not indicated whether it consents to or opposes the instant motion. Although a response from plaintiff to the instant motion is not due until May 27, 2008, the court finds that a response is not necessary at this time.

Defendant moved to dismiss plaintiff's complaint on February 1, 2008.[1] Plaintiff filed a response to defendant's motion to dismiss on April 2, 2008. On April 15, 2008, defendant filed a motion to strike certain exhibits attached to plaintiff's response brief. In its motion to strike, defendant requested "30 days from the date [the court] rules upon this motion to file [its] reply to Bristol Bay's Opposition." Def.'s Mot. Strike 8; cf. Pl.'s Resp. Opp'n Def.'s Mot. Strike 6 ("[W]e object to granting the Government any additional time to respond."). Briefing on defendant's motion to strike was completed on May 8, 2008, and briefing on defendant's motion to dismiss is not yet complete. Defendant's deadline to reply to plaintiff's response to its motion to dismiss will be set by the court at the time it rules upon defendant's motion to strike.

---

[1] Defendant's motion challenges the court's jurisdiction over plaintiff's claims for fiscal years 1997 and 1998. See Def.'s Mot. Dismiss 8-10. Defendant moved to dismiss plaintiff's claim for fiscal year 1995 as barred under the doctrine of res judicata, id. at 19-22, and plaintiff's remaining claims for failure to state a claim upon which relief can be granted, id. at 14-19.

As defendant notes in its motion, subject matter jurisdiction "'is a threshold matter that must be established before reaching the merits'" of plaintiff's claims. Def.'s Mot. Stay 2 (quoting Wheaton v. Merit Sys. Prot. Bd., No. 2007-3289, 2008 WL 116337, at *3 n.1 (Fed. Cir. Jan. 11, 2008)). It would be inappropriate for the court to order the parties to fully brief plaintiff's motion for summary judgment before it has ruled upon defendant's motion to dismiss and has determined whether it possesses jurisdiction over plaintiff's claims. Because briefing on defendant's motion to dismiss cannot be completed until the court rules upon defendant's motion to strike, the court finds that it is premature to continue briefing on plaintiff's motion for summary judgment. **Accordingly, defendant's motion is GRANTED. Briefing on plaintiff's motion for summary judgment shall be held in abeyance until the court rules upon defendant's motion to dismiss and determines whether it possesses jurisdiction over plaintiff's claims.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge